ALMANZON HUSTON V. JOHN R. CLUTE.

An objection cannot be taken, for the first time, at the trial in the District Court, of a cause removed from a Justice's Court, to the admission in evidence, of the note returned by the Justice as the foundation of the suit, on the ground of variance between it and the description of it in the citation issued by the Justice.

Appeal from San Augustine.   Tried below before the Hon. Archibald W. O. Hicks.

The notes were dated July 10th, 1854. They were described in the citation issued by the Justice, and in the docket entry of the Justice, as dated July 15th, 1854.   In both, the amount of the notes, time to run, parties and rate of interest, which was twelve per cent., were correctly stated.   The objection on the ground of variance, was first raised when the notes were offered in evidence, at the trial in the District Court.   To the refusal of the Court to exclude the notes on that ground, the defendant excepted.

*H. M. Kinsey*, for appellant.

*J. M. Ardrey*, for appellee, suggested delay.

ROBERTS, J.   The error complained of in this case, is in admitting the notes to be given in evidence, when the citation, issued by the Justice, described them as having been dated on the 15th, when they bore date on the 10th of the same month.

This is not a ground of error complained of in the petition for *certiorari*, nor would it have been available to appellant, as a ground, had it been stated, unless he had made the objection before the Justice of the Peace, or shown a good reason why it was not made. (Hope v. Alley, 11 Tex. R. 259.)   Ap-

pellant appeared before the Justice, and moved for a continu-ance, in which he failed, and suffered a judgment to be ren-dered against him on the notes, without any objection to the evidence on the trial. Had he then made the objection, the irregularity in the proceedings of the Justice, in issuing his process, would have been brought to his notice, and he could then have passed upon it. Having failed to make the objec-tion then, and the notes being fully identified by other parts of the citation, and not having made this a ground of com-plaint in the petition for *certiorari*, the appellant must be ta-ken to have waived it. At most, it is an irregularity on the part of the Justice, which this Court would not now review, unless it involved the merits of the case, and in some way injuriously affected the rights of the party. (Criswell v. Rich-ter, 13 Tex. R. 18; Kellers v. Reppien, 9 Id. 443.) That can-not be the case here, for the citation fully describes the notes in every particular, except the date, and that variance is not such as to prevent the description there given from reasonably identifying the notes.

Judgment affirmed.