Terrell *v.* Frazier.

No. 8518.

## TERRELL *v.* FRAZIER.

PRACTICE.—*Complaint.*—*Good and Bad Paragraphs.*—*Motion in Arrest.*—*Verdict.*—If one of two or more paragraphs of complaint is good, and there is a general verdict for the plaintiff, a motion in arrest can not be sustained, nor error assigned, for want of facts stated in the complaint or in any paragraph, especially where the answers to interrogatories show that the verdict rests in part at least on the good paragraph.

CONTRACT.—*Growing Timber.*—*Statute of Frauds.*—*Damages.*—Contracts for the sale of growing timber are within the statute of frauds, and to be binding must be in writing. But where A., for a consideration received, agrees without writing to pay B. $100 in growing timber to be cut from A.'s land, but refuses to permit the timber to be cut, B. has his action, and the sum named is the measure of his recovery.

From the Randolph Circuit Court.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellant.

*T. F. Colgrove, ——— Cheney* and *E. L. Watson,* for appellee.

WOODS, J.—Action by the appellee against the appellant, commenced before a justice of the peace and resulting, on appeal to the circuit court, in a verdict and judgment for the plaintiff. The complaint is in two paragraphs, and the answers of the jury to special interrogatories show that they found a certain amount due the plaintiff upon each paragraph, and that from the total sum due the plaintiff they deducted an amount found due the appellant upon his set-off, and gave a general verdict for the remainder for the plaintiff.

The appellant moved in arrest of judgment, and has assigned as error the overruling of that motion, and also that the complaint does not state facts sufficient to constitute a cause of action. It is not claimed, however, that the second paragraph of the complaint is in any respect defective; and it is well settled that if one of two or more paragraphs of a complaint is good, and there is a general verdict for the plaintiff, a motion to arrest the judgment will not be sustained, and no question can be raised on appeal as to the sufficiency

of one of the paragraphs, by an assignment either that the entire complaint, or the particular paragraph, does not state facts sufficient. *Higgins* v. *Kendall,* 73 Ind. 522.

Especially must this be so where the record shows affirmatively, as it does in this instance, that the verdict rests in part, at least, upon the unquestioned paragraph. If it appeared affirmatively that the verdict was based entirely upon the disputed paragraph, it may be that a motion in arrest would present the question; but in this case, as the record stands, it would seem that the proper means of presenting the question to the circuit court was a motion to limit the amount of the plaintiff's demand to the sum found due on his second paragraph, and deducting that sum from the amount found due the appellant upon his set-off, to give judgment for the appellant for the remainder. No such motion, however, was made, and consequently the question is not before us.

It is claimed that errors were committed in admitting testimony and in giving and refusing instructions under and in reference to the cause of action set forth in the first paragraph of the complaint. The record does not purport to contain all the evidence, and it is therefore doubtful whether strictly any of the questions discussed are presented for decision. The main point in dispute, however, we will consider.

The substance of the first paragraph of the complaint is, that the appellee undertook with the appellant to purchase a certain farm, which should be divided between them in a manner and upon terms agreed upon, and in consideration of the premises the appellant promised to pay the appellee the sum of $100, to be paid in timber delivered on the farm of the appellant, suitable for rails, and at such price as the timber should be reasonably worth; that the plaintiff purchased the farm and caused it to be conveyed, a part to himself and a part to the defendant, in all respects according to the contract, but the defendant had failed and refused to deliver the timber or to permit the plaintiff to take it. Wherefore, etc.

There was, it seems, some evidence tending to show that the timber contracted for was growing upon the land of the appellant; and it being claimed that the alleged contract was therefore within the statute of frauds, the court gave the following instruction, to the last part of which the appellant excepted:

"6th. * * * And if you believe from the evidence that on the division of the land the defendant agreed to pay to the plaintiff $100 in timber then growing on the land of the defendant, that the plaintiff was to have the right to enter upon the defendant's land and cut and remove the timber, this, so far as the timber was concerned, was a contract for an interest in real estate, or land, and to be binding must have been in writing, and if there was no writing in regard to the timber, the plaintiff could not recover damages for a breach of contract. The defendant had a right at any time before the contract was executed to revoke the license to enter upon his land and cut and remove the timber. But if the defendant was indebted to the plaintiff in the sum of $100 in the division of the land, which he agreed to pay in timber from his land, notwithstanding he was not liable in damages for refusing to suffer the plaintiff to take the timber, yet he is not discharged from the payment of his debt. The plaintiff has a right to recover the hundred dollars due him on the contract of division of the land."

Counsel say: "What we insist upon is that when a contract is within the statute of frauds, a party can not recover in a suit *on the contract,* even though it has been fully executed on his part. He must resort to some other form of action. His remedy is on the *quantum meruit,* or some other appropriate form of action, according to the facts of the case."

There is nothing in this. Forms of action were abolished by the code. The complaint need only state the facts upon which relief is claimed, and whatever relief is appropriate may be adjudged. Whether in this case the facts were stated with sufficient fulness to show a complete cause of action, as

we have seen, is a question which the record does not present. Enough, however, is stated to show the nature of the claim, and to identify the transaction out of which it arose, and consequently enough to bar another suit for the same cause.

The only question, therefore, to be decided is, in the language of counsel: "Did the court, in his instructions to the jury, lay down the correct rule as to the measure of damages in the case?"

Counsel insist that "the contract can not be treated as a nullity for one purpose and as a contract for another purpose," and that, therefore, the value of the timber could not be made the measure of the plaintiff's recovery. To this proposition numerous authorities are cited. Deciding nothing upon the point, it may be conceded to be true, as a general rule, that contracts within the statute can not be made the basis of a claim for special damages against the party who pleads the statute, and that the value of the property, which was the subject of the contract, can not be made the measure of damages or recovery in an action by the other party who had paid the consideration or performed his side of the contract. See *Arnold* v. *Stephenson, ante,* p. 126.

The case before us, however, is manifestly outside of the rule. The appellant's promise was to pay the appellee $100 in timber, at its fair or reasonable value. The consideration of this promise he received, but the timber he refused to deliver, and claims that he was not bound to deliver it, because it was growing timber on his own land, and the contract not in writing; but, if he does not choose to deliver the timber, he is nevertheless bound to pay the $100, and, since he refuses to pay it in timber, he is bound to pay it in money. That the appellant is entitled to $100 in value, is settled by the contract, and in this respect the contract is binding, though it be not binding as to the article in which the payment was to be made. If the agreement had been that the plaintiff should have certain designated growing trees, or the growing timber on a certain body of land, and the action was to recover the value

of the timber, the doctrine contended for would probably be applicable, but such a case would be entirely distinguishable from the one before us.

Judgment affirmed, with costs.