## SAM. F. CLARK v. LENA REESE.

Decided October 23, 1901.

1.—Promise of Marriage—Pleading—Time of Performance.

It is not necessary to allege a definite time within which a promise to marry was to be performed,—the general promise implying that it was to be performed within a reasonable time; but a promise to marry when the promisor should have completed a building for residence was sufficiently definite.

2.—Breach of Promise of Marriage—Evidence—Prosecutor's Unchastity.

A woman suing for damages from breach of promise to marry could not be cross-examined as to her illicit intercourse with persons other than defendant before her engagement to him; but proof of her testimony thereto on a former trial, with evidence that defendant had .no knowledge thereof prior to the engagement, was admissible in mitigation of damages.

3.—Same—Mitigation of Damages—Pleading.

Testimony of a third party to repeated illicit intercourse with plaintiff before and during her engagement to defendant and not known to the latter before such engagement, was admissible in mitigation of damages from breach of promise of marriage, accompanied by seduction, under the issues raised by a general denial.

4.—Assignment of Error—Charge—Variance.

An assignment of error in a charge as being an incorrect statement of the law upon the subject, will not raise the question of its error in submitting the issue because the evidence supporting it varied from the allegations.

5.—Pleading—Variance.

An averment that plaintiff, in suit for breach of promise of marriage, lost, by reliance on defendant's promise, an advantageous marriage with one to whom she was previously engaged and from whom she secured a release to marry defendant, was not supported by proof of an offer of marriage from such third party, after her engagement to defendant, and rejected in reliance on that engagement.

6.—Promise of Marriage—Exemplary Damages—Pleading.

A general averment of claim for exemplary damages, as "that the manner of his breach [of the contract of marriage] and his treatment of plaintiff in and about the breach thereof were by him wantonly, maliciously, and willfully done, for the purpose and with the intent on the part of defendant of scandalizing, humiliating, and seducing this plaintiff," was sufficient to admit proof in the absence of special exception.

7.—Promise to Marry—Statute of Frauds.

In order that the statute of frauds should invalidate a contract to marrry, it must appear from the contract itself that it was not to be performed within a year, not merely that it might not be.

Appeal from McLennan. Tried below before John G. Winter, Esq., Special Judge.

Lena Reese sued and recovered judgment against Sam. F. Clark for breach of promise of marriage, and defendant appealed.

The court's charge upon the subject of immoral consideration was as follows:

"If you believe from the evidence that such contract when made, if you find that such contract was made, was made upon consideration that plaintiff would then, and prior to marriage, submit her person to de-

-fendant and have sexual intercourse with plaintiff [defendant], then the plaintiff can not recover."

*J. W. Cocke, H. M. Cammack, Baker & Ross,* and *John L. Dyer,* for .appellant.

*J. B. Scarborough,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This is a suit brought by appellee, Lena Reese, against appellant, Sam F. Clark, for damages 'for alleged breach of contract of marriage. The suit was filed November 29, 1899, and plaintiff alleges that the contract of marriage was made between the parties about the 1st day of September, 1898, and that no definite time was fixed for the marriage, but when the fixing of the time was dis- ·cussed defendant deferred it until he should build a certain brick house, .an addition to his storehouse, to be used as a place of residence; and that ·defendant deferred the time of marriage from time to time, and in- formed plaintiff that if she would give up her business and move to a house he owned in the south part of Waco, he would consummate the .marriage and they would live there; that she complied with the request, .and defendant after such removal put off the marriage from time to ·time until in September, 1899, when he refused to marry her and breached the contract. Plaintiff alleges that prior to meeting defend- ant a wealthy farmer in Limestone County, A. Muhler, had contracted to marry her, and that contract would have been performed but for the proposal of defendant to marry her, which induced her to obtain a re- lease from the Muhler contract. All to her damage.
. Plaintiff alleges that pending her engagement with defendant to marry him, she yielded to his demands and had sexual intercourse with him, relying on his promises to marry her, and that she so yielded time and again, and so continued to live until September 15, 1899, when he breached the contract and refused to perform it. She further alleges as a basis for punitive damages the manner of the breach by defendant, and that his treatment of her in and about the breach was wantonly, ma- liciously, and wilfully done, with intent of "scandalizing, humiliating, .and seducing." Prayer for actual and exemplary damages.

Defendant pleaded general and special exceptions, general denial, and limitation of one year, in that her cause of action accrued more than one .year before commencement of the suit, and by special answer that her marriage with Muhler was not interfered with by him, but it was broken off by her demand that the latter should convey to her, as an antenuptial ·contract, all his property, he offering her one-half the same if she would marry him. Defendant further sets up that if there was any illicit in- tercourse of the parties, which is denied, it occurred prior to the time of ·the alleged marriage contract and was voluntary on her part. It is .further alleged that if defendant made any agreement to marry plain- ·tiff, it was upon consideration that she would have sexual intercourse

with him; and that such agreement was contrary to public policy, bad in morals, and incapable of enforcement."

There was a verdict and judgment for plaintiff for $2500 actual and $2500 exemplary damages, and defendant has appealed.

*Opinion.*—1. The lower court did not err, as contended by appellant, in overruling the general demurrer which complains that the petition fails to allege a contract to be performed at any definite time. Such an averment was not necessary. But if it were, the promise, as alleged, was to be performed when he built an addition to his place of business. It is also averred by plaintiff that another time was fixed to consummate the marriage,—when she should give up her business and move out to a house belonging to him in South Waco; that after this removal he put her off from time to time, until he finally, in September, 1899, refused to marry her.

It has been correctly held that a promise to marry implies that it is to be performed in a reasonably time, and that no definite time need be fixed. Blackburn v. Mann, 85 Ill., 222. Until the promise be broken, it would be deemed a continuing promise.

2. The court sustained objections of plaintiff to the attempt to have her state, while a witness on the stand in her own behalf, her illicit intercourse with persons other than defendant before her engagement to marry defendant. The question as to the ruling is raised in form to require decision by this court. We do not believe she could be compelled to answer the question as to her own guilt. But we believe it could have been shown, as was attempted by defendant by the witness Hurst, that she had testified on a former trial that she had been so guilty with other persons before her engagement to defendant, coupled with proffered testimony that defendant had no knowledge of the facts of such illicit intercourse until after the engagement to marry him. Such testimony would affect the measure of damages and was admissible in mitigation. 2 Sedg. on Dam., sec. 641; Denslow v. Van Horn, 16 Iowa, 476; Bennett v. Simpkins, 24 Ill., 264; 27 Mich., 221; 82 Mich., 180; 32 Me., 275. And we believe the testimony was admissible under the general denial. McGehee v. Shafer, 9 Texas, 20.

3. It was error to exclude the testimony of witness Clowe touching her illicit connection with him on frequent occasions and for a period of one year prior to and during the time of her engagement with defendant, which fact he had not communicated to defendant prior to the alleged engagement to marry. This testimony was admissible certainly on the measure of damages on the issue raised by the general denial. How much was she damaged? Her injury was the issue raised by the petition and general denial. It was for this injury the jury had to estimate the damages; the amount she was entitled to would be affected by her actual personal status, and this could be ascertained under the general issue. McGehee v. Shafer, 9 Texas, 20; 3 Am. and Eng. Enc. of Pl. and Pr.,

690, and authorities cited; 4 Am. and Eng. Enc. of Law, 900; Sheehan v. Barry, 27 Mich., 217; Bennett v. Simpkins, 24 Ill., 264.

4. Error is assigned on the court's charge which submits the question of damages resulting from her failure to consummate a marriage with one Muhler. The assignment urges that her failure to marry Muhler was solely the result of her own conduct in demanding from him a conveyance of all his property, instead of one-half, which he was willing to concede if she would marry him. The averment of plaintiff on this subject is that she had, before meeting defendant, contracted to marry Muhler; that she would have married him but for the promise of defendant, and so been placed above want; and that upon defendant's proposal to marry her she obtained a release from Muhler. Her testimony is to the effect that she had agreed to marry defendant before Muhler asked her to marry, and she would have accepted him but for the promise of defendant. The evidence does not sustain the averment. But the assignment is not to this point. The charge is not reversible upon the ground stated.

5. The averment as to exemplary damages is general that "the *manner* of his breach [of the contract of marriage] and his treatment of plaintiff in and about the breach thereof were by him wantonly, maliciously, and willfully done, for the purpose and with the intent on the part of defendant of scandalizing, humiliating, and seducing this plaintiff." But it is sufficient to admit proof of the facts in the absence of a special exception, and then it is for the jury to determine under the facts the question. It was not erroneous to submit the issue of exemplary damages.

6. There are some questions raised concerning the statute of frauds which we do not think are well taken. Under the evidence as stated in the record, the statute is not applicable. It appears from the facts that the contract of marriage might have been performed within a year. In other words, there is no evidence in the record to the effect that its time of performance was fixed at a period longer than a year. It has been held that in order for the statute to apply it must appear from the contract itself that it was not to be performed within one year. Thouvenin v. Lea, 26 Texas, 615; Thomas v. Howard, 47 Texas, 43; Railway v. Wood, 88 Texas, 191.

7. We find no error in the court's charge on limitation, or in refusing the charge of defendant on that subject.

8. The court's charge on immoral consideration was sufficient.

Because of the error herein pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed.