ANNA M. GARNER *et al.,* v. ELISHA MAHONEY, Appellants.

**Growing Trees:** PAROL SALE INVALID. Growing trees being a part
1   of the soil, a parol sale of such trees is an executory contract,
   passing no title to the purchaser.

*Statute of frauds.* A parol sale of growing trees, treated as a sale
2   of an interest in realty is within the statute of frauds and
   not enforceable without payment or possession taken under the
   contract.

SALE TREATED AS LICENSE: *Is revocable.* A parol sale of growing
2   trees, treated as a mere license, is revocable as to all trees not
   cut.

*Appeal from Harrison District Court.*—HON. JOHN F.
OLIVER, Judge.

FRIDAY, JANUARY 24, 1902.

ACTION in equity to restrain the defendants from cutting and removing growing trees. The defendants claim under a parol contract with the plaintiffs' intestate. Decree for the plaintiffs, and defendants appeal.—*Affirmed.*

*L. W. Fallon* and *S. I. King* for appellants.

*L. R. Bolter & Sons* for appellees.

SHERWIN, J.—The plaintiffs are the heirs of Henry Garner, deceased, and bring this action to restrain the defendants from cutting trees on land of which he died seised. The defendants aver that during the life of the plaintiffs' intestate they entered into an oral contract of purchase of the standing timber in question, with the right to cut and remove the same within the period of five years thereafter.

It is elementary that growing trees are a part of the soil, until severed therefrom, and that a parol sale of such

trees, until they are actually severed from the land, is to be treated as an executory contract, passing no title to the purchaser. 1 Washburn, Real Property (4th Ed.) 13, 14. The sale of such trees is clearly within the statute of frauds, when treated as a sale of an interest in the realty, and, treated as a mere license, is revocable as to all trees not cut. The defendants contend, however, that they paid a part of the purchase price of the trees, and entered into possession of the land under the contract with Henry Garner; but there is an entire lack of competent evidence to show that any part of the purchase price was paid, and the evidence clearly shows that whatever possession the defendants had of the premises was under another contract, made before the one in question. In the case of *Claflin v. Carpenter,* 4 Metc. (Mass.) 580, (38 Am. Dec. 381), relied on by the apellants, it does not appear whether the sale by the owner of the trees to the mortgagor back to him was in writing or by parol, and the court did not determine whether a parol sale could be made. In *White v. Foster,* 102 Mass. 378, the sale was by deed. The other cases cited are not in point on this question.

The judgment of the district court is AFFIRMED.