GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. J. T. GRANT.

Decided December 8, 1909.

### 1.—Pleading and Proof—Variance—Practice.

When evidence has been admitted without objection the question of variance can not be raised by an instruction to the jury. The objection of variance should be made when the evidence is offered.

### 2.—Charge—Construction.

A paragraph of a charge which, when taken alone, might be subject to the objection that it assumed as an established fact that plaintiff was injured as he alleged, would not be cause for reversal when other portions of the charge clearly submit the issue to the jury, and instructed them that they could not find for him unless he was so injured.

### 3.—Pleading—Proof—Substance of Issue.

Plaintiff alleged that his head was "not more than an inch from the whistle" of an engine, when it was sounded and he was thereby injured. Held, it was not error for the court to instruct a verdict for plaintiff if the jury believed that his head was, not exactly an inch but, near enough to the whistle to make it negligence for defendant to sound it, and by so doing injure the plaintiff. The substance only of the issue need be proved.

### 4.—Charge—Error of Omission.

A charge which is correct as far as it goes, and is defective only in point of omission, is not cause for reversal in the absence of a refusal by the court to give a requested charge supplying the omission. This rule applied to an issue of contributory negligence.

Appeal from the District Court of El Paso County. Tried below before Hon. A. M. Walthall.

*Baker, Botts, Parker & Garwood* and *Beall & Kemp,* for appellant. An issue whether or not appellee contributed to his injury by his own failure to use ordinary care having been raised both by the pleading and evidence, the court should have submitted the issue of contributory negligence to the jury. Its failure to do so was error requiring a reversal of the case. Sayles' Statutes, art. 1316; Texas Central Ry. Co. v. Phillips, 39 Texas Civ. App., 148; Galveston, H. & H. Ry. Co. v. Levy, 35 Texas Civ. App., 106; Texas & N. O. Ry. Co. v. McDonald, 85 S. W., 493; Brown v. Pridgen, 56 Texas, 125.

The charge complained of in the fourth assignment is clearly erroneous, in that it assumes as an established fact that the appellee was injured as claimed, whereas, the question as to whether he was injured at all was an issue of fact that was vigorously controverted, and there was a sharp conflict in the evidence relating thereto. It is error for the trial court, in its charge to the jury, to assume as proven any controverted issue of fact when the evidence as to such fact is conflicting. Campbell v. Ellsworth, 20 S. W., 120; Gulf, C. & S. F. Ry. Co. v. Finley, 11 Texas Civ. App., 64; St. Louis S. W. Ry. Co. v. Smith, 63 S. W., 1064.

Evidence as to the time at which and the manner in which the

accident happened resulting in the alleged injuries to appellee must be confined strictly to the allegations in plaintiff's petition. Dolores L. & C. Co. v. Jones, 3 Texas Civ. App., 329; St. Louis, I. M. & S. Ry. Co. v. Edwards, 3 Texas Civ. App., 410; Moore v. Kennedy, 81 Texas, 144; Riverside Lumber Co. v. Lee, 7 Texas Civ. App., 522.

The statement of the plaintiff to Dr. Schught that "his impairment of hearing was caused by the blast of the whistle in his right ear," was objected to on the ground that said declaration was self-serving and referred to a past transaction, and the court erred in overruling said objection and in admitting the statement in evidence. Wallace v. Berry, 83 Texas, 332; Downey v. Taylor, 48 S. W., 541.

*Albert S. Eylar* and *T. A. Falvey,* for appellee.

NEILL, Associate Justice.—The appellee sued appellant to recover damages for personal injuries alleged to have been inflicted by the negligence of the latter. The negligence is thus alleged:

"That on or about the —— day of December, 1905, plaintiff was in the employ of defendant as an engine inspector in its shops in the city of El Paso, Texas; that he was ordered by the foreman of said shops to set and regulate the safety valves, commonly known as "pops," of an engine of defendant company that had just come into the yards of said shop of said defendant; that said work was within the line of his employment as engine inspector; that he took with him Albert Ahr, an employe of said company, to aid him by keeping up the steam in said engine while he was regulating and setting said "pops;" that said engine was then in charge of and under the control of George Smith, a hostler in the employ of said defendant company; and that while the plaintiff was at work setting and regulating said "pops," the said George Smith was seated in the cab of said engine; that said "pops" were situated on said engine close to the whistle, and that while bending over said "pops" at work regulating them, and while the right side of his head was not more than an inch from said whistle, the said Smith carelessly and negligently gave three blasts to said whistle; that it was a steam whistle of great power and compass; that there was between one hundred and eighty-five and one hundred and ninety pounds of steam on at the time said whistle was blown; that the noise made thereby was deafening and that the steam from the said whistle struck against the right side of plaintiff's head with great force, and the concussion from said noise and steam against the right side of plaintiff's head has seriously and permanently injured plaintiff's right ear; that the said Smith, in the line of his duty as said employe, blew said whistle to notify the men in charge of the turntable in said yard to set in line the rail of the same, so that said engine could be taken into the roundhouse of defendant; that prior to blowing said whistle, while plaintiff was setting and regulating said "pops," the plaintiff kept talking with the said Ahr, who was in the cab of said engine with the said Smith, and that he was walking backwards and forwards on the running-board of said engine from said "pops" to the cab where the said Smith was seated; that the said Smith could have seen plaintiff

from his position in said cab, and knew, or could have known by the use of ordinary care, that the plaintiff was working over said "pops" at the time he blew said whistle, and that blowing the same would be attended with great injury to plaintiff."

The defendant answered by a general denial and pleas of assumed risk and contributory negligence. The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $6,000.

*Conclusions of Fact.*—The evidence is reasonably sufficient to show that defendant was guilty of the acts of negligence charged in plaintiff's petition, and that such negligence was the proximate cause of his alleged injuries; that the plaintiff was not guilty of any negligence proximately contributing to his injuries, and that by reason of his injuries so negligently inflicted by defendant, the plaintiff has been damaged in the sum of money found by the verdict.

*Conclusions of Law.*—1. The sixth paragraph of the court's charge is as follows:

"If you believe from a preponderance of the evidence that at the time alleged in the petition that said engine was then in charge and under the control of George Smith, then a hostler in the employ of said company, and that while the plaintiff was at work setting and regulating the "pops" on said engine, the · said George Smith was seated in the cab of said engine, and that while plaintiff was bending over said "pops" at work regulating them, and that while the right side of plaintiff's head was in close proximity to said whistle, the said George· Smith, acting in the line of his duty as an employe of the defendant company, gave three blasts to said whistle, and that said Smith knew that plaintiff was then working over said "pops," and that said steam whistle was of great power and compass, and that there was between 185 and 190 pounds of steam on at the time said whistle was blown and that the noise made thereby was deafening, and that the steam from said whistle struck against the right side of plaintiff's head with force; that the concussion from said noise and steam against the right side of plaintiff's head caused the injuries of which plaintiff complains, and that said blasts of said whistle were the direct and proximate cause of said injuries; and you further find from a preponderance of the evidence that the giving of said blasts of said whistle by said George Smith, if they were given by George Smith, was negligence, as that word is defined to you in this charge, then and in that event you will find for the plaintiff, but if you do not so find your verdict should be for the defendant."

It is complained of by the first and second assignments of error. The substance of the propositions under the assignments is, that the issue of contributory negligence having been raised by the pleadings and evidence it was error not to submit such issue to the jury. The proposition can not be sustained because (1) there is no evidence shown by the statement under the proposition, nor do we find any in the record, tending to raise such an issue; (2) if it were error for the court to fail to submit such an issue in its main charge, it was not an affirm-

ative one, but simply one of omission, which could be cured by a special charge; and (3), a special charge upon such issue was given at the request of defendant's counsel.

2. The third assignment of error, which also complains of the same paragraph of the charge, is as follows:

"The court erred in the sixth paragraph of its charge, in not confining the plaintiff to the proof of the specific allegation in his petition, that while setting and regulating said "pops" the right side of his head was not more than one inch from said whistle, and that when so situated the said Smith negligently gave three blasts of said whistle, thereby causing plaintiff's injury. This charge was prejudicial to the defendant, in this: That there was evidence introduced by the defendant showing that if the right side of plaintiff's face had been within one inch of the steam whistle at the time it was blown, the steam would have scalded him badly and taken the skin off, and the evidence sharply raised the issue as to whether plaintiff was injured at all, at the time and in the manner alleged by him."

The proposition advanced under it is, "It was the duty of the court, in the charge, to confine plaintiff's proof to the allegations in his petition." The conformation of "plaintiff's proof to the allegations in his petition" should be enforced at that stage of the trial when the evidence is being introduced; and if evidence is offered which does not conform to such allegations, then is the time the defendant should object to its introduction, and reserve a bill of exceptions to the action of the court in admitting it over such objection. For when evidence is admitted without objection, the question of variance can not be raised upon an instruction to the jury. (International Harv. Co. v. Campbell, 43 Texas Civ. App., 421; Moffatt v. Sydnor, 13 Texas, 628; Huston v. Clute, 19 Texas, 178; Mangum v. Min. Co., 50 Pac., 836; 14 Ency. Pl. & Prac., 346.)

3. The seventh paragraph of the charge is: "Should you find for the plaintiff and allow him damages, you should allow him such sum as will in your judgment reasonably compensate him for the injuries sustained by him, and in estimating his damages you should take into consideration the character and extent of his injuries, and whether temporary or permanent."

It is the subject of the fourth assignment of error. The substance of the propositions under it is that it assumes as an established fact that the plaintiff was injured as claimed. A charge must be read and construed as a whole. When this is done it is apparent that it does not assume as a fact that plaintiff was injured; for the next preceding and succeeding paragraphs clearly submit the issue as to whether plaintiff was injured as alleged in his petition, and the jury could not, under the charge, find damages for him unless he was so injured. (Western U. Tel. Co. v. Chambers, 34 Texas Civ. App., 17; Missouri Pac. Ry. v. Lehmberg, 75 Texas, 67; City of Cleburne v. Elder, 46 Texas Civ. App., 399.)

4. The eighth paragraph of the charge is as follows: "Should you not find from a preponderance of the evidence that the said George Smith, hostler in defendant's yards at the time of the alleged injuries to plaintiff, gave the said blasts of the engine whistle while

plaintiff was in close proximity to said whistle and while plaintiff was setting and regulating the said safety valves or "pops" on said engine, as plaintiff has alleged, and that said blasts were given by said Smith in the line of his duty as hostler to notify defendant's employes in charge of the turntable in defendant's yards to set rail in line for said engine; and that said Smith knew that plaintiff was setting and regulating the "pops" on the engine when he gave the said blasts, or could have known by the exercise of such care as a man of ordinary prudence would commonly exercise under the same circumstances; and that plaintiff was injured by reason of said blasts of said whistle, and injured substantially as alleged; and that plaintiff himself was exercising such care to avoid injury to himself as a man of ordinary prudence would commonly use under the same circumstances, then and in that event you should find for the defendant." It is the subject of the fifth assignment of error. The only proposition under it is: "Evidence as to the time at which and the manner in which the accident happened resulting in the alleged injuries to appellee, must be confined strictly to the allegations in plaintiff's petition." What we have said in disposing of the proposition asserted under the third assignment applies equally to this one. But we fail to perceive wherein the charge fails to conform to the pleadings and evidence. It is a cardinal rule of practice that the substance of an issue need only be proved, which was observed in this case. See Texas & P. Ry. v. Hightower, 12 Texas Civ. App., 41; El Paso Elec. Ry. v. Harry, 37 Texas Civ. App., 90; Texas & N. O. Ry. v. Scarborough, 104 S. W., 413; Louisville, N. A. & C. Ry. Co. v. Thompson, 107 Ind., 442, 9 N. E., 359; Atchison, T. & S. F. Ry. v. Lannigan, 56 Kans., 109, 42 Pac., 343; Mangum v. Mining Co., 50 Pac., 834. The substance of the issue was not that plaintiff's head was "not more than an inch from the whistle," but whether or not it was near enough to it to make it, under all the facts and circumstances in the case, negligence for defendant's servant, Smith, to sound it and by so doing injure the plaintiff's head.

5. If the defendant desired the issue of assumed risk submitted to the jury, it should have prepared and requested a special charge in accordance with its desire. The charge was good as far as it went, and if it was error not to submit further issues, it was not affirmative and could have been obviated by defendant's requesting their submission.

6. The testimony complained of by the seventh assignment of error was admissible in rebuttal of evidence introduced by defendant, which tended to discredit the testimony of the plaintiff, as shown by the statement of the trial judge appended to the bill of exceptions taken by defendant to the testimony of the witness, Dr. Schugt, which is the subject of the assignment. St. Louis & S. W. Ry. v. Garber, 108 S. W., 743, and cases cited; see also Greenl. Ev., sec. 469. Besides, the testimony was admissible as showing the history of the case given by plaintiff to his doctor for the purpose of treatment, which, in connection with other evidence introduced, served as an hypothesis for the witness's opinion, as an expert as to the nature, character and extent of plaintiff's injuries.

7. The remaining assignments complain that the verdict is excessive. We do not think it is; but on the contrary, if the testimony of plaintiff is to be believed, we think it is a very conservative estimate of the damages he has sustained by reason of defendant's negligence. There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.