GROCE et al. v. WEST LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. Dec. 9, 1913. Rehearing Denied March 19, 1914.)

1. FRAUDS, STATUTE OF (§ 72*) — CONTRACTS RELATING TO SALE OF LAND.

Growing trees are a part of the realty, and a verbal sale thereof which does not contemplate their immediate separation from the soil is within the statute of frauds (Rev. Civ. St. 1911, art. 3965, subd. 4).

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 116–118; Dec. Dig. § 72.*]

2. FRAUDS, STATUTE OF (§ 49*) — CONTRACTS NOT TO BE PERFORMED WITHIN A YEAR.

A verbal contract for the sale of growing timber which allowed the buyers four years within which to remove the timber is not void, under the statute of frauds (Rev. Civ. St. 1911, art. 3965, subd. 5), as an agreement not to be performed within a year, for the contract only fixed a maximum time in which it must be performed.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 74; Dec. Dig. § 49.*]

Appeal from District Court, Polk County; L. B. Hightower, Judge.

Action by the West Lumber Company against J. W. Groce and R. B. Eglin, composing the firm of Groce & Eglin. From a judgment for plaintiff which denied defendant's cross-action, defendants appeal. Affirmed.

See, also, 163 S. W. 581.

Marsene Johnson, of Galveston, Barkley & Green, of Houston, and Holshousen & German and J. L. Manry, all of Livingston, for appellants. Baker, Botts, Parker & Garwood, of Houston, and Hill & Hill and J. C. Feagin, all of Livingston, for appellee.

McMEANS, J. The West Lumber Company brought this suit against J. W. Groce and R. B. Eglin, partners, composing the firm of Groce & Eglin, alleging that on the 10th day of June, 1910, plaintiff and defendants entered into a verbal agreement by the terms

of which the defendants were to purchase certain timber standing and growing on plaintiff's land in Polk county out of which defendants desired to manufacture stave bolts, and that it was then agreed that the verbal agreement should later be reduced to writing and executed by the parties as under the date the verbal agreement was entered into; that thereafter plaintiff had the agreement reduced to writing, and, after signing the same, submitted it to defendants, but that defendants refused to execute the contract as drawn, and repudiated the material portions thereof. Plaintiff then set out in its petition the agreement as prepared by it, alleging that it embodied the terms of the verbal agreement, which in part was that, in consideration of $1.25 per cord for the stave bolts, cash, to be paid by Groce & Eglin to the West Lumber Company, and subject to the stipulations in the contract, the West Lumber Company bargained, sold, and conveyed to Groce & Eglin all of the oak timber measuring 12 inches or more in diameter 12 inches above the ground, situated on the land specifically described, the same to be paid for monthly as taken off the land. It was further pleaded by plaintiff that under the verbal agreement, and in the contract drawn by it, the defendants were to have four years from the date the verbal agreement was made within which to remove the timber contracted to be sold. Plaintiff further alleged that, after submitting to defendants the contract set out in its petition and ·their refusal to execute the same, it notified them to vacate its land, but that defendants refused to do so, but, acting under the verbal agreement, continued to cut the timber until enjoined by the court; that by reason of these facts defendants were trespassers after plaintiff's notice to them to quit cutting and to get off the land. Plaintiff prayed for damages by reason of defendants' trespass, and obtained a temporary injunction restraining defendants from further taking timber from the land during the pendency of the suit.

The defendants answered, admitting that they did enter into a verbal contract with plaintiff on June 10, 1910, and alleged that the substance of said contract was that defendants bought from the West Lumber Company all the oak timber of designated size on certain tracts of land belonging to plaintiff; that by the terms of the contract they were to take all of the oak timber from which merchantable stave bolts could be manufactured, and agreed to pay $1.25 per cord therefor. They concede that by the terms of the verbal agreement they had four years in which to remove the timber. They denied that they ever refused to sign any written contract which embodied the terms of the verbal agreement. By cross-action they sought damages against plaintiff by reason of the violation of said contract; but, in the view we take of a proper disposition of this appeal, the substance of the defendants' allegations need not be set out.

A general demurrer was sustained to defendants' cross-action, and on a trial before a jury a verdict and judgment was rendered for plaintiff for $1 as damages, and the perpetuation of the temporary injunction theretofore granted; and, from this judgment, the defendants have appealed.

The only question necessary for us to decide on this appeal is this: Is a verbal contract for the sale of growing timber, not to be severed and removed immediately, but which gives the purchaser four years within which to cut and remove the same, in contravention of the statute of frauds and void? If this question be answered in the affirmative, the judgment appealed from must be affirmed.

However the parties may differ as to all the terms of the verbal contract entered into by them on June 10, 1910, they agree on the following: That plaintiff contracted to sell and defendants to purchase oak timber growing on plaintiff's land, to be used in making stave bolts, and that defendants were to pay $1.25 per cord therefor in monthly payments, and that they should have four years from the date of the contract within which to cut and take the timber. The trial court held that the contract, being for a greater time than one year, and concerning real estate, and not signed by the parties, or any memorandum thereof signed by the parties, was contrary to the statute of frauds and void, and so instructed the jury. It is this ruling that is attacked by appellants' first and second assignments of error.

There is a conflict of authority on the question of whether the sale of growing timber is a sale of realty. In Maryland, Massachusetts, Connecticut, Maine, and Kentucky the courts seem to have held that a parol contract for the sale of growing timber is not within the statute of frauds. Leonard v. Medford, 85 Md. 666, 37 Atl. 365, 37 L. R. A. 449; Smith v. Bryan, 5 Md. 141, 59 Am. Dec. 104; Purner v. Piercy, 40 Md. 212, 17 Am. Rep. 591; Claflin v. Carpenter, 4 Metc. (Mass.) 580, 38 Am. Dec. 381; Nettleton v. Sikes, 8 Metc. (Mass.) 34;· Bostwick v. Leach, 3 Day (Conn.) 476; Erskine v. Plummer, 7 Me. (7 Greenl.) 447, 22 Am. Dec. 216; Cutler v. Pope, 13 Me. 337; Cain v. McGuire, 13 B. Mon. (Ky.) 340; Byassee v. Reese, 4 Metc. (Ky.) 372, 83 Am. Dec. 481.

In the case first cited the court quotes with approval from 1 Greenleaf, 55, as follows: "In contracts for the sale of things annexed to and growing upon the freehold, if the vendee is to have a right to the soil for a time, for the purpose of a farther growth and profit of that which is the subject of sale, it is an interest in land, within the meaning of the fourth section of the statute of frauds, and must be proved by writing; but, where the thing is sold in prospect of

separation from the soil immediately, or within a reasonable and convenient time, without any stipulation for the beneficial use of the soil, but with a mere license to enter and take it away, it is to be regarded as substantially a sale of goods only, and so not within that section of the statute, although an incidental benefit may be derived to the vendee from the circumstance that the thing may remain for a time upon the land."

The facts in that case were that the owner of the land verbally sold all the growing trees thereon which measured 18 inches and upward across the stump, and the price and dates when payments of the purchase money were to be made were specified. It does not appear that any time was fixed within which the timber was to be removed. The court, while holding that the contract was not within the statute of frauds, says: "That decision [Smith v. Bryan, 5 Md. 141, 59 Am. Dec. 104], delivered in 1853, established the law in Maryland to be that a parol sale of growing timber is not within the fourth section of the statute of frauds, and though many, perhaps most, of the courts of last resort in other states of the Union have taken the opposite view, we have no disposition to unsettle a doctrine that has been accepted, and not questioned, in Maryland for more than forty years."

In Cain v. McGuire, 13 B. Mon. (Ky.) 340, and Byassee v. Reese, 4 Metc. (Ky.) 372, 83 Am. Dec. 481, it was held by the Supreme Court of Kentucky that the sale of trees growing upon land, made in prospect of immediate separation from it, is not a sale of land or any interest in it, and is not within the statute of frauds. The first of these decisions was made in 1852, and the latter in 1863. However, in a case decided as late as 1903 the Kentucky Supreme Court, in Wiggins v. Jackson, 73 S. W. 779, ruled that standing timber is a part of the realty, and that a verbal sale thereof, not being in contemplation of immediate separation, the purchaser being allowed two years within which to remove the same, was within the statute and void. This question has been decided in Texas in only two cases; both decisions being rendered by this court, and writs of error denied. One is the case of Burkitt v. Wynne, 132 S. W. 816, decided in 1910. The question was solely one of venue; but, as the contract sued upon was for the sale of growing timber, it was necessary for the court to decide whether such a contract was one for the sale of land. The opinion on this point is as follows: "The sale of growing timber, with the right of ingress and egress for ten years for the purpose of cutting and removing the timber, is a sale of an interest in land that can pass only by deed or grant."

In 1911 the same conclusion was reached in Adams v. Hughes, 140 S. W. 1163; writ of error denied. The contract in that case was as follows: "We hereby agree to sell and deliver to said B. S. Hughes all of the timber on our lands situated in the southern part of Jasper county, Texas, at the cash price of $10.00 per acre, and to give fifteen years from that date in which to cut and remove said timber." This court, in construing this contract, held: . "We think there can be no doubt about the contract in question, for the sale of the timber, allowing fifteen years to remove the same, was a 'contract for the sale of real estate,' within the meaning of subdivision 4, art. 2543, R. S., and required to be in writing. This question was left undecided in our opinion upon the former appeal (55 Tex. Civ. App. 197, 119 S. W. 135), but had since been decided by this court in Burkitt v. Wynne, 132 S. W. 816. This appears to us to be the practically unanimous holding of the · authorities." The rule announced in Burkitt v. Wynne, Adams v. Hughes, and the Kentucky case of Wiggins v. Jackson seems to us to be in accord with the decisions. of a great majority of the courts of last resort in the United States. Owens v. Lewis, 46 Ind. 489, 15 Am. Rep. 295; Armstrong v. Lawson, 73 Ind. 498; Cool v. Peters, 87 Ind. 531; Terrell v. Frazier, 79 Ind. 473; Jenkins v. Lykes, 19 Fla. 148, 45 Am. Rep. 19; Richbourg v. Rose, 53 Fla. 173, 44 South. 69, 125 Am. St. Rep. 1061, 12 Ann. Cas. 274; High v. Jasper, 57 Fla. 437, 49 South. 156; Elsberry v. Sexton, 61 Fla. 162, 54 South. 592; Garner v. Mahoney, 115 Iowa, 356, 88 N. W. 828; Harrell v. Miller, 35 Miss. 700, 72 Am. Dec. 154; Walton v. Lowrey, 74 Miss. 484, 21 South. 243; McKenzie v. Shows, 70 Miss. 388, 12 South. 336, 35 Am. St. Rep. 654; Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126; Kingsley v. Holbrook, 45 N. H. 313, 86 Am. Dec. 173; Howe . v. Batchelder, 49 N. H. 204; Slocum v. Seymour, 36 N. J. Law, 138, 13 Am. Rep. 432; Green v. Armstrong, 1 Denio (N. Y.) 556; McGregor v. Brown, 10 N. Y. 114; Warren v. Leland, 2 Barb. (N. Y.) 613; Pierrepont v. Barnard, 5 Barb. (N. Y.) 371; Hirth v. Graham, 50 Ohio St. 57, 33 N. E. 90, 19 L. R. A. 721, 40 Am. St. Rep. 641; Huff v. McCauley, 53 Pa. 206, 91 Am. Dec. 203; Pattison's Appeal, 61 Pa. 294, 100 Am. Dec. 637; Buck v. Pickwell, 27 Vt. 158; Daniels v. Bailey, 43 Wis. 566; Seymour v. Cushway, 100 Wis. 580, 76 N. W. 769, 69 Am. St. Rep. 957; Fluharty v. Mills, 49 W. Va. 446, 38 S. E. 521; Brown v. Gray, 68 W. Va. 555, 70 S. E. 276.

[1, 2] In accordance with the previous decisions of this court, and with the authorities above cited, we hold that growing trees are a part of the realty, and that a verbal sale thereof which does not contemplate their immediate separation from the soil is within the fourth subdivision of article 3965, Revised Statutes 1911 (old article 2543), and that the contract of sale under discussion was void. The court, therefore, did not err in so instructing the jury. But we are not prepared to assent to the conclusion of the

learned trial judge that the contract was void because it was not to be performed within the space of one year from the date it was made. By the terms of the contract the defendants were allowed four years within which to remove the timber. There was no provision that the contract was not to be performed within a year. A maximum time was fixed in which the contract should run; but no minimum time was prescribed requiring the contract to run for a space exceeding one year. To bring the contract within the statute, it must appear from the contract itself that it was not to be performed within a year. Thouvenin v. Lea, 26 Tex. 614; Lennard v. Texarkana Lumber Company, 46 Tex. Civ. App. 402, 94 S. W. 383; Clark v. Reese, 26 Tex. Civ. App. 622, 64 S. W. 783; Railway Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526; Warner v. T. & P. Ry. Co., 164 U. S. 418, 17 Sup. Ct. 147, 41 L. Ed. 495.

Our conclusion that standing timber is realty, and that a verbal sale thereof which does not contemplate its immediate removal is in contravention of the statute of frauds, settles this appeal adversely to the appellants; and the judgment of the court below must therefore be affirmed, and it has been so ordered.

Affirmed.