### MILLER v. ELDRIDGE. (No. 2699.)

(Court of Civil Appeals of Texas. Amarillo. June 2, 1926. Rehearing Denied Oct. 6, 1926.)

**1. Brokers ⬤88(4)—Evidence held to show that plaintiff procured purchaser for certain land, though he did not consummate sale; "procure."**

Evidence *held* to show that plaintiff procured purchaser for certain land, though he did not consummate sale; "procure" meaning to bring about or cause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Procure.]

**2. Brokers ⬤82(4).**

Evidence of plaintiff's services as defendant's agent in bringing about sale of land *held* admissible under general allegation that he procured purchaser to whom defendant sold it, especially when there was no objection on ground of variance.

**3. Brokers ⬤82(1)—That broker pleaded falsely that he procured purchaser on certain trip held not to affect general scope of allegation that he was procuring cause of sale.**

In action for commission for sale of land, that plaintiff pleaded that he procured purchaser on certain trip, which in point of time was false, *held* not to affect general scope of allegation that he was procuring cause of sale.

**4. Brokers ⬤88(14).**

Jury's affirmative answers to questions whether defendant contracted to pay plaintiff certain commission for selling land and whether parties agreed that defendant should pay such commission, if land were sold to person named by plaintiff, *held* not in conflict.

Appeal from District Court, Lubbock County; Clyde Elkins, Special Judge.

Action by J. W. Eldridge against T. C. Miller. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert H. Bean and Bean & Klett, all of Lubbock, for appellant.

Pearce & Triplett, of Lubbock, for appellee.

RANDOLPH, J. This suit was brought by Eldridge against Miller in the district court of Lubbock county to recover commissions alleged to be due him from Miller for the sale of certain land.

The plaintiff's petition sets out the following as his grounds for recovery:

"That on or about October 15, 1924, a contract was made and entered into between plaintiff and defendant, as follows: That defendant agreed to pay plaintiff a commission of 2½ per cent. on all land sales made by him to any and all person or persons procured by plaintiff to purchase lands from defendant, by and through the procurement of plaintiff; that, in pursuance of the aforesaid contract between them, plaintiff made a trip to Cottle county, Tex.; while there, he caused and procured a purchaser (W. T. Flowers) to buy or purchase two sections of land, to wit, sections 102 and 117, block A, same being a part of what is commonly and better known as the Spade Ranch, situated in —— county, Tex., about three miles east of Anton, Hockley county, Tex.; that said land was sold at a consideration of $37.50 per acre; that defendant had a contract with the owners of said land to have and receive a commission of 5 per cent. on the whole or aggregate amount of the consideration agreed to be paid for said land, amounting in the sum of $48,000.

"That by reason of the aforesaid contract existing between plaintiff and defendant, upon the completion of the aforesaid sale of land to the said W. T. Flowers, defendant was due and indebted to plaintiff in the sum of $1,200; that said amount is past due, and was due and payable by defendant to plaintiff upon date of the aforesaid sale. Defendant, though often requested to pay the same, has wholly failed and refused to pay same, or any part thereof, to plaintiff's damage in the sum of $1,200."

The defendant filed his original answer, consisting of a general demurrer and general denial. On trial the case was submitted to a jury on special issues, and on the answers thereto by the jury; the court rendered judgment for the plaintiff, and the defendant has appealed.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The greater part of defendant's propositions and assignments, in varied form, present the questions that the plaintiff's allegations and proof do not correspond; that he alleges one kind of a contract and proves another; that the evidence introduced by the plaintiff is insufficient to establish the contract pleaded.

Does the allegation that the defendant agreed to pay the plaintiff a commission of 2½ per cent. on all land sales made by him to any and all persons procured by the plaintiff to purchase land from the defendant, by and through the procurement of the plaintiff, sufficiently allege an agency to sell land, and do the particular facts, alleged as to agency and the conditions set out, permit the introduction of the evidence?

[1] The plaintiff's evidence shows that he (plaintiff) knew parties in Cottle county; that the defendant told him that he (defendant) would split his commission with him on the sale of the land to any man that he (plaintiff) was instrumental in getting to come and see the land by furnishing him (defendant) with the names of such parties, among them Flowers, who were possible purchasers.

Prior to the making of the contract, the plaintiff had made a trip to Cottle county, and later, but before he and the defendant had entered into such contract, the plaintiff had written Flowers, teling him about the "Spade" land, and advising him to come and see it.

Flowers testified that Miller came to see him in Cottle county, introduced himself, and said he was sent by Eldridge to see him about buying some land. He also testifies that he would not have gone to see the land if he had not heard about it from Eldridge; that he had known Eldridge a long time and when Eldridge told him about the land, he considered it a pretty good thing.

Do these facts show that Eldridge procured this purchaser? We think they do. We think the contract, as alleged in the pleading, was substantially established by the evidence; that, in the broadest sense of the word, the plaintiff procured a purchaser and was instrumental in bringing about a sale. Mr. Webster defines procure, "to bring about; to effect; to cause;" and within the meaning that he gives to it, we think the plaintiff brought about a sale, and that his act in furnishing the defendant with Flowers' name was the primary cause of the sale, and that without it the particular sale would not have been effected.

When it is shown that the agent was instrumental in bringing the buyer and seller together, the fact that the broker did not consummate the sale, but that it was completed by the owner, and that, too, without the owner's knowing of the agent's negotiations with the purchaser, the fact that the agent was the procuring cause was suffi-ciently established. The Supreme Court, upon such facts, in the case of Graves v. Baines and Woodward, 78 Tex. 92, 14 S. W. 256, held that "Baines procured the purchaser, began the negotiations, which were afterwards consummated by the owners and the purchaser. His services as agent brought about the sale, and such services were the efficient cause of it."

[2] We, therefore, hold that the evidence in this case establishes the allegation in plaintiff's petition that the plaintiff procured the purchaser to whom the defendant sold the land. His services as agent brought about the sale and were the efficient cause of it, and such evidence was, therefore, admissible under such general allegation.

When the testimony complained of was offered, the defendant interposed no objection that the contract, as pleaded did not authorize the proof of the contract attempted to be proved, that there was a variance between the allegata and probata, but for the first time presents such objection here. It is held in International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93, 99, that where evidence is admitted without objection, the question of variance cannot be raised upon an instruction to the jury, citing Moffatt v. Snydor, 13 Tex. 628; Huston v. Clute, 19 Tex. 179; First Nat. Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583; Clark v. Reese, 26 Tex. Civ. App. 619, 64 S. W. 783. See, also, Galveston, H. & S. A. Ry. Co. v. Grant, 58 Tex. Civ. App. 181, 124 S. W. 145, 147 (writ denied); Western Union Tel. Co. v. Robertson, 59 Tex. Civ. App. 426, 126 S. W. 629, 632; Hall v. Hall (Tex. Civ. App.) 198 S. W. 636, 637, writ denied; Nimmo v. O'Keefe (Tex. Civ. App.) 204 S. W. 883, 886.

[3] The fact that the plaintiff pleads part of his evidence, in that he pleads that he went to Cottle county and procured a purchaser in the person of W. T. Flowers, which, in point of time was false, does not affect the general scope of his allegation that he was the procuring cause of the sale of the land.

[4] There is no conflict in the answers of the jury to the trial court's special issue No. 1, given in the main charge, and issue No. 1, specially requested by defendant. In the trial court's special issue No. 1, the jury were asked, "Did the defendant, T. C. Miller, contract to pay the plaintiff, J. W. Eldridge, 2½ per cent. for the sale of the land in controversy? Answer yes or no." Issue No. 1, specially requested by defendant, was "Did the plaintiff, Eldridge, and the defendant, Miller, agree that the defendant, Miller, would pay the plaintiff, Eldridge, 2½ per cent. commission, in case the defendant, Miller, made sale to any of the persons named by plaintiff, Eldridge?" The jury answered both issues in the affirmative.

We have carefully considered all assignments and propositions of appellant, and our

holdings on the questions discussed practically settle the case. There being no reversible error, we affirm the judgment of the trial court.