

# The Attorney General of Texas

September 1, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Thomas H. Haynie, Chairman
Texas Private Employment Agency
  Regulatory Board
Sam Houston State Office Building
Austin, Texas

Opinion No. H-1236

Re: Whether an advance fee resume service is a private employment agency under article 5221a-6, V.T.C.S.

Dear Mr. Haynie:

You have requested our opinion as to whether an advance fee resume service is a private employment agency under article 5221a-6, V.T.C.S.

You state that a company commonly referred to as an "advance fee resume service" furnishes to individuals seeking employment "a prepared resume and a list or pre-addressed mailing labels of potential employers." The resume service charges a flat fee for its service, payable in advance. The names of prospective employers are ordinarily obtained from trade journals and governmental sources, and there is no direct contact between the resume service and the prospective employer on behalf of a particular employee or with respect to a particular job opening. The resume service frequently advertises its services through the broadcast and print media, with a specific disclaimer that it is a private employment agency.

A "private employment agency" is defined by statute as

> any person, place or establishment within this state who for a fee or without a fee <u>offers</u> or attempts, either directly or indirectly, <u>to procure employment for employees or procures or attempts to procure employees for employers</u>, except as hereinafter exempted from the provisions hereof.

V.T.C.S. art. 5221a-6, § 1(e) (emphasis added). On the basis of the description you have furnished us, we believe it is clear that an advance fee resume service is not within the definition of a "private employment agency," for the reason that it neither "offers . . . to procure employment for employees" nor "procures or attempts to procure employees for employers." See <u>Miller v. Eldridge</u>, 286 S.W. 999 (Tex. Civ. App. — Amarillo 1926, writ dism'd).

In the situation you describe, an advance fee resume service does not contact an employer on behalf of a prospective employee. Nor does it locate prospective employees for employers, as does a "management search consultant" under section 1(b) of the statute. See Attorney General Opinion H-699 (1975). We do not believe that the regulatory scope of article 5221a-6 may ordinarily be extended to include those entities which maintain contact with only the prospective employee. Since there is no direct contact between the resume service and the employer or his agent, we believe Texas courts would hold that the service is not a "private employment agency" for purposes of article 5221a-6.

### SUMMARY

Where there is no direct contact between the resume service and a prospective employer or his agent, an advance fee resume service, as described, is not a "private employment agency" for purposes of article 5221a-6, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn