S. K. McCLELLAND vs. J. M. SMITH — Appeal from Shelby County.

To constitute a fatal variance between the instrument attempted to be described in the pleading, and the one offered in evidence, the misdescription must be such as to mislead or surprise the adverse party; otherwise it should be disregarded by the court.

The fictions and most of the forms of the common law courts find no place in our system of pleading. The petition with us should be "a plain, straightforward statement of the cause of action, without repetition or circumlocution."

Case stated in the opinion of the court.

Hicks, for appellant, cited the following authorities: 1 Starkie's Ev. pp. 414, 418, 419, 421; Chitty on Bills, 9th Am. from 8th London ed. 579; Arch. Cr. Pl. 3d Am. ed. 101; 13 Johns. 486; 5 Johns. R. pp. 1, 29; 1 Leach. 227; 1 Chitty's Pl. 7th Am. ed. 334, 14, 519; 10 Johns. R. p. 133; 1 Starkie, 413; 2 Starkie, 149.

Ardrey, for appellee, cited: 1 Chitty Pl. 331, 336, 341; 1 Greenl. Ev. 126, 127, 133, 137; 1 Phil. Ev. 208.

Mr. Justice LIPSCOMB delivered the opinion of the court, Judge WHEELER not sitting.

This suit was brought on two notes described in the plaintiff's petition, as follows, that is to say: "The first was described as a "certain instrument in writing, commonly called a promissory note, and now in court to be produced by him, by the name and description of J. M. Smith, subscribed, promised petitioner by the name and description of Sam'l K. McClelland, to pay him or order three hundred dollars to be paid in horses and cattle; the horses at whatever price might be agreed upon, and the cattle at $10 for cows and calves, on or before the first day of June, 1845;" and the second note was described as follows: "a certain other instrument in writing commonly called a promissory note, and now in court to be produced by him by the name and description of J. M. Smith, subscribed and sealed, for value rec'd promised petitioner by the name and description of Sam'l K. McClelland to pay him or order, on or before the 25th Dec., 1846, one hundred and twenty dollars and seventy-five cents." On the trial two notes were offered in evidence by the plaintiff, and objected to by the defendant. The objection was sustained by the court, on account of a variance. The plaintiff excepted to the decision of the court in the rejection of the notes. There was a verdict for the defendant, and judgment, from which the plaintiff appealed. The notes offered in evidence were supposed not to be sufficiently described, in this, that the name of the payee in the note is written *Sam'l K. McLelland*, instead of *Sam'l K. McClelland*, as written in the petition.

The appellant insists that the variance is not material, and that the court below erred in ruling the notes out. He referred to several authorities to show that in similar cases the objection was not sustained. There can be no doubt that in the English courts the rule as to a variance between the cause of action declared on, and the evidence, is much more rigidly enforced than in most of the state courts in our own country. It is, however, believed that the rule is greatly relaxed in England from its former stringency. In the case of *assumpsit* by the

indorsee against the acceptor of a draft payable to Phillip Phillip, and by him indorsed to the plaintiff, it appeared that the name of the indorser was Phillip Phillips. Lord ELLENBOROUGH said that the only question was as to the identity of person, and that the variance was not material. In the same case, the declaration alleged that the draft was presented for acceptance the day of its date, and presented for payment accordingly, when in fact it bore date August the 11th, and had been presented for acceptance 19th September, and accepted and presented for payment on the 11th of November. It was objected that this was a variance, as. the presentment for payment on the 11th November was not at the time alleged in the declaration. It was held not a material variance; and, as between the indorser and acceptor, it was intended to aver that the presentation for payment was after it was due and payable. In Walters *vs.* Mace [18 Eng. Com. 149], the variance between Baron Waterfolk and Water Park was held to be material and fatal. It is said, however, that in the English courts there is this distinction: that the misnomer of a third person is fatal, whilst it is not material on the general issue, as to one of the parties, where the identity is proved; and Dickinson *vs.* Bowes [16 East, 110] is referred to. In the case of Edwards *vs.* Clemons [24 Wendell, 480], *the variance objected to was as to the time of payment.* Mr. Justice COWEN says: "No doubt there is a variance between the notice and proof in respect to the time of payment, which would have been *fatal* within the principle of Bristow *vs.* Wright [Doug. 665]. The notice relies on rent payable quarterly, while the proof leaves it in effect payable at the end of the current year. No stipulation to pay quarterly was shown. "The variance, however," as remarked by the learned judge, "not operating prejudicially to the plaintiffs, might, as it was, *be properly disregarded.*" In the case of Potter *vs.* Hopking [25 vol. id.], the plaintiff declared for a breach of a contract of sale of 1000 bushels of wheat; the proof was that the contract was for 600 or 700 bushels; verdict for the plaintiff. On an application to the supreme court for a new trial, Chief Justice NELSON says: "The *variance* be-

tween the declaration and proof, in respect to the quantity of wheat, would be *fatal* upon the English authorities [1 Saund. Pl. and Ev. 119], but *was properly disregarded* according to the *more liberal* manner of viewing misdescriptions of the kind in this court. The court overlooked these misdescriptions in pleading, unless they tend to mislead the adverse party; no such consequence can be urged here."

The case of East Boston Timber Comp. *vs.* Persons *et al.* [2 Hill, 126] was an action of replevin. The defendants avowed for rent in arrear, under a parol demise of certain premises, at the yearly rent of $500, payable at the *end of the year*. *By the court:* "Under the rule that formerly prevailed, there can be no doubt this was a fatal *variance*, such as would have overturned a well founded action or a good defense; but a more liberal rule now prevails; and as the judge was satisfied that the variance was not calculated to mislead or surprise the plaintiff, he was quite right in disregarding it." See, also, Bower *vs.* Argale [2 Wendell, 502]. There are many other cases that might be referred to on this subject; we do not, however, deem it necessary to examine them; our object has been to ascertain, if possible, whether the decisions had established any principle on which we could repose in disposing of the question of variance in the multiform aspect in which such misdescriptions may be presented. We believe the above authorities resolve into this principle: *that if the misdescription will tend to mislead and surprise the adverse party, it should be noticed by the court; if not, it may be disregarded.* This is believed to be a reasonable and sensible rule — one that cannot work an injury to either party, and eminently calculated to harmonize the administration of law with the justice of the case. Let us now apply this principle to the case before us. The name of the payee of the note is spelt in the petition with the letter C, as commencing the second syllable of the name; in the note offered in evidence, the second syllable commences with the letter L. In ordinary conversation, it seems, the sound would be the same with either letter; but when carefully sounded, a discriminating ear would be sensible of the difference. As an evidence that by the sound

it would be taken to be the same name, I could not comprehend in what the variance consisted from hearing the record read; and was not made sensible of its existence until it was done through the medium of the eye, when it was discovered that there was a difference in the spelling of the name. Then it is impossible to imagine that this variation (if any there be) could mislead or surprise the adverse party; and according to the principle we have applied, it ought to have been entirely disregarded by the court below.

The counsel for the appellee has been very ingenious in endeavoring to show that there is another misdescription in the note that was to be paid in stock. It is supposed to be in this: the petition, in stating the substance of this note, places the date of payment at the end of his description, when it is placed in the note at the commencement — say " *on or before,*" we cannot, however, regard his remarks in another light than a criticism on the composition of the petition; and although the criticism may be very just, yet, as a conclusion in law, it is not sound. The plaintiff has not assumed to give an exact copy of the note; and even if he had, the misdescription could not have deceived the defendant. The description was correct as to date, the mode of payments, and the parties. The petition, though substantially good, is certainly obnoxious to criticism in this: that it endeavors to engraft the forms known and peculiar to a different system, on the plain and simple matter of fact petition established as the practice in our courts. We know nothing of counts in our practice; they belong to declarations at common law; our petition should not be marred in its simplicity by an attempt to introduce such terms. The petition in this case is too much like a common law declaration. I am aware that the very respectable gentleman who framed the petition is not more faulty in this respect than many others equally respectable. Our constitution and laws repudiate the fictions, and many of the forms, of the common law courts; and the sooner the gentlemen of the profession can adapt their practice to our own system, the better; it is what they will have to come to, sooner or later. Our petition was designed to be a

plain, straightforward statement of the cause of action, without repetition or circumlocution; and we cannot permit the same matter to be again and again presented by a change of phraseology or transposition of words. We believe the exception to the admissibility of the notes sued on was not well taken; that the variance ought to have been disregarded, because it would not prejudice the defendant, and they substantially agree with the allegations in the petition.

The judgment is reversed, and the cause remanded, with instructions to the court below to award a *venire de novo*.