E. G. L. Wiebusch and James Patterson v. Isaac Taylor, Adm'r.

(Case No. 3781.)

1. New cause of action — Substituted note. — A plaintiff in the court below filed an amended petition, praying that in the event he was not entitled to judgment upon a note set up in the original petition, recovery might be had upon a note previously executed, and for which the other was intended as a substitute. *Held*, that the amended petition was good on demurrer, and that under the Texas system it is no objection to a petition that it sets up a new cause of action, or asks alternative relief of this nature if each character of relief sought is appropriate to the pleadings in the cause.

2. Variance. — To constitute a fatal variance the misdescription must be such as to mislead or surprise the adverse party. This is held to be the rule even when the plaintiff has (as in this case) assumed to give an exact copy of the note. Shipman v. Fulcrod, 42 Tex., 248, is in accordance with this rule.

3. Costs. — When costs are not properly adjusted, and attention is not called to it in the court below, they cannot be questioned in this court.

Appeal from Falls. Tried below before the Hon. L. C. Alexander.

Appellee and W. J. Barron, as administrators of Y. H. Barron, deceased, brought suit in the district court of Falls county against R. C. Barron, E. G. L. Wiebusch, James Patterson, J. H. McGee, W. L. Mann, Wm. Gordon and R. L. Cox on a note purporting to have been executed by those parties and payable to the above named administrators.   The note was for $1,446.50 and was dated July 25, 1874.

W. J. Barron was discharged from the administration during pendency of suit and relieved as plaintiff before final judgment. On September 4, 1877, appellee filed his amended petition reaffirming his former allegations and instituting suit against R. C. Barron and appellants on another note signed by them, and alleging that he had accepted it upon its delivery by R. C. Barron; that this second note and the one previously sued on were for the same property; that the property had been delivered before signatures were appended to the note sued on in the original petition; that a few days after the delivery of the property Barron delivered the note to appellee with the names of all parties sued in the original petition signed to it, which appellee accepted in payment of the property and immediately executed to Barron a bill of sale.   He prayed for judgment against R. C. Barron and appellants in the event that the court should decide that he could not recover on the note sued on in the original petition.   Appellants filed an answer to this amended petition, excepting to it on the grounds that it introduced a new cause of action and was contradictory.   The exception was overruled, the case tried by the judge, and judgment rendered against R. C. Barron and appellants for the full amount of the note set up in the amended petition, and against appellants for one-half the costs of suit up to the filing of the amended petition.

The evidence was somewhat conflicting as to the circumstances under which the second note was given, but in view of the whole case it is not important to detail the evidence on that point.

*Wm. M. Flournoy,* for appellants, on the liability of appellants on the note sued on in the amended petition, cited: Carter *v.* Reynolds, 6 Tex., 567; Beal *v.* Alexander, 6 Tex., 537, 538.

On the admission of the notes in evidence, he cited: Brown *v.* Martin, 19 Tex., 345; Salinas *v.* Wright, 11 Tex., 575; Roseborough *v.* Gorman, 6 Tex., 314; 1 Greenl. Ev., §§ 56–58, 63, 68, 69; 1 Phillips' Ev., pp. 837, 838, 845, note 240; Starkie on Ev., 571; 2 Parsons on Notes and Bills, 473, note O; Tidd's Practice, p. 450.

On the question of costs, he cited: Whitehead *v.* Herron, 15 Tex.,

128; Henderson *v.* Kissam, 8 Tex., 52, 53; Williams *v.* Randon, 10 Tex., 79; Woods *v.* Durrett, 28 Tex., 437.

No briefs on file for appellee.

Willie, Chief Justice.— The demurrers to the amended petition were properly overruled. It was no objection to it that it set up a new cause of action. This merely subjected the plaintiff to the payment of all costs of the suit as originally brought and admitted all defenses that might have been set up to the new cause of action, if suit had been originally commenced upon it at the date of filing the amendment.

As to the other objection, the defendants had pleaded that the plaintiff was not entitled to judgment upon the note originally sued on. They claimed that they were not liable upon it because delivered before being signed by as many sureties as had been agreed on between themselves, the plaintiff and their co-defendant. This was denied in the amended petition, but prayer was made that, in the event the appellee was not entitled to judgment upon the note set up in the original petition, recovery might be had upon the note first executed and for which the other was intended as a substitute. It is no objection, under our system, to a petition that it asks alternative relief of this nature, if each character of relief sought is appropriate to the pleading in the cause. So much for the demurrers.

Upon the trial of the cause, the plaintiff proved that the note first given was taken in full payment of horses purchased by the principal in the note from T. H. Barron's estate, and that if anything passed between the several makers of the note tending to affect the liability of the sureties, it was not known to the administrators of that estate. In fact there does not seem to have been any fact proved that would affect their liability upon that particular note. There was some conflict in the evidence as to the circumstances under which the second note was given. The defendants offered facts tending to release them from liability on that note. The plaintiff introduced evidence tending to establish their liability. The judge seems to have taken the view of the defendants as to this note, and held that they were not liable on it. This, under the evidence, left the first note in full force and effect, and the plaintiff was entitled to recover on it.

The variance, made the subject of a bill of exceptions, seems to be a very immaterial one. It arises from leaving out of the petition

the words "of estate of," found in the original note. The absence of these words does not, in the least, vary the sense and meaning of the note. It is precisely the same obligation in every particular without these words as with them. Moreover, it is clear from the pleadings and evidence of the defendants themselves that the note sued on is the same note they executed in company with R. H. Barron. It is not pretended that there is outstanding against them any other note answering the description of the one copied in the petition. They could not, therefore, have possibly been misled or surprised by the admission of the note found in the statement of facts.

This court held in the case of McClelland *v.* Smith, 3 Tex., 210, that, to constitute a fatal variance, the misdescription must be such as to mislead or surprise the adverse party, otherwise it should be disregarded by the court. This is held to be the rule even where the plaintiff has, as in this case, assumed to give an exact copy of the note. The same stringent rule as to variance, it is said, does not obtain in this country as is enforced in the English courts.

In acordance with this decision — and not in opposition to it — is the case of Shipman *v.* Fulcrod, 42 Tex., 248. There the variance was in the initial letter of the middle name of one of the makers of the note. The petition styled the makers, " S. *W.* Walker and E. M. Shipman." The note produced in evidence was signed by S. *P.* Walker and E. M. Shipman. The defendant Shipman objected to the admission of the note for this variance, and stated in his bill of exceptions that S. *P.* Walker and S. *W.* Walker were different men; and that the notes were not the same, but different instruments; and that he had a good and valid defense to the note signed by S. *P.* Walker and E. M. Shipman. It was apparent, therefore, that the admission of one note due from the defendant under a suit upon another note due from him was calculated to mislead and surprise him, and this brought the case within the rule of McClelland *v.* Smith, *supra.* A defendant called upon and preparing himself to defend one demand cannot have a different one sprung upon him at the trial, and is justly entitled to claim the variance under such circumstances. Besides the variance there was in the name, and hence in a matter in some measure descriptive of the note sued on. None of the authorities cited to sustain the opinion of the court are cases of such immaterial variance as the present discloses, but relate to a variance in the sum, magnitude, date, duration or terms of the note of an important character. We think the court did not err in admitting the note in evidence.

As to the costs, the court seems to have properly adjusted them;

and if it had not done so, but its discretion had been improperly exer-
cised, it was the duty of the appellant to call attention to that fact
in the court below.  He cannot question the judge's action for the
first time in this court.  Jones *v.* Ford, 60 Tex., 132.  There is no
error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered April 24, 1885.]