[No. 1844.]

ALEXANDER WERBISKI AND GEORGE CHAMPION v. THE STATE.

1. SCIRE FACIAS — CITATION. — See the opinion *in extenso* for recitals in a *scire facias*, *held* sufficient as a citation.
2. SAME — CASE OVERRULED. — It is not required that the citation shall show by what authority the bail bond was taken; nor when or by virtue of what authority the principal was arrested. Inasmuch as it announces the contrary rule, the case of *Lindley* v. *The State*, 17 Texas Ct. App., 121, is overruled. (*Pearson* v. *The State*, 7 Texas Ct. App., 280, was decided prior to the enactment of article 443 of the Code of Procedure, and therefore is not now authority on this subject.)
3. SAME — VARIANCE. — To constitute a fatal variance the pleadings must misdescribe the cause of action in a manner calculated to mislead or surprise the adverse party. The citation in this case recites the authority by which the principal in the bond was arrested, and the date of his arrest, and these recitals are variant from the recitals in the bond. But *held* that, the recitals referred to being unnecessary to the sufficiency of the citation, they are to be treated as mere surplusage, and, therefore, do not constitute material variance.

ERROR from the District Court of Cameron. Tried below before the Hon. J. C. Russell.

The writ of error in this case was prosecuted from the judgment of the trial court forfeiting the appearance bond of Guadalupe Beltran, bailed under a charge of felonious theft. The amount of the bond and judgment was $300.

*Renfro & Scott*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. The citation contains all the requisites of the statute. It runs "in the name of the State of Texas." It is directed to the sheriff or any constable of Cameron county, the county in which the sureties reside. It states the name of the principal in the bail bond, and the names of the sureties. It states the date of the bail bond, and the offense with which the principal is charged. It states the forfeiture of said bail bond, naming the court before which the forfeiture was taken, the time when taken, and the amount for which it was taken against each surety. It notifies the sureties to appear at the next term of the court and show cause why the forfeiture should not be made final, and it is signed and attested officially by the clerk issuing the same. (Code Crim. Proc., art. 443; Willson's Cr. Forms, 601, p. 269.)

It is not required that citation should show by what authority the bail bond was taken. (*Brown* v. *The State*, 18 Texas Ct. App., 326.) Nor when, or by virtue of what authority, the principal was arrested. In *Lindley* v. *The State*, 17 Texas Ct. App., 121, this court, following the case of *Pearson* v. *The State*, 7 Texas Ct. App., 280, held certain other statements than those prescribed by article 443 of the Code of Criminal Procedure essential to the validity of the citation. The Pearson case was decided prior to the enactment of article 443, and hence is not applicable to a citation issued since that enactment. This was overlooked in the decision of *Lindley* v. *The State, supra,* and that decision is manifestly erroneous, and is overruled in so far as it prescribes other requisites for a citation than those specified in said article 443.

In the case before us, while the citation contains all the requisites prescribed by the statute, it also recites the authority by which the principal was arrested, and the date of such arrest, and these recitals are variant from the recitals in the bail bond. It is contended, therefore, by plaintiffs in error that there is a variance between the allegations and the proof, and that this variance must cause a reversal of the judgment.

We are of the opinion that the variances complained of are not fatal. The recitals in the citation of the authority by which the principal was arrested, and the date of the arrest, being unnecessary, are surplusage and are immaterial. They are not descriptive of the bail bond. To constitute a fatal variance there must be a material misdescription in the pleadings of the cause of action, such as is calculated to mislead or surprise the adverse party. (*McClelland* v. *Smith*, 3 Texas, 210; *Warrington* v. *The State*, 1 Texas Ct. App., 168.)

We find no error in the judgment, and it is affirmed.

*Affirmed.*

[Opinion delivered January 9, 1886.]