FIRST NATIONAL BANK OF ROCKWALL v. R. H. STEPHENSON.

No. 3081.

1. **Variance.**—In the petition the note sued on was described as executed "on or about the 11th day of October, 1888." The note offered bore date October 12, and in every other thing corresponded with the description in the petition. *Held*, that the note was wrongfully excluded. There was no material variance.

2. **Same.**—The rule which should apply when the question of variance arises in the introduction of testimony is, that if the misdescription will tend to mislead and surprise the adverse party it should be noticed by the court; if not, it may be disregarded. A variance between the allegation and proof which ought not to have misled the adverse party to his prejudice is not material.

APPEAL from Rockwall. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*Brown, Hall & Freeman* and *Wade & Stroud*, for appellant.—1. The date on which a note is alleged to have been executed and the date alleged to be borne by the note offered in evidence are two distinct propositions.· Under the former there can be no variance; under the latter a variance can only be held to exist if the date of the note be considered an essential matter of description. 2 Greenl. on Ev., 7 ed., p. 160; Chitty on Bills, 8 ed., p. 581; 1 Chitty's Plead., 11 ed., p. 257.

2. To constitute a fatal variance the proof offered must differ substantially from the allegations in the petition, and it must be of such a character and description as would mislead or surprise the defendant.

3. If the date of the note was not stated, or stated imperfectly, the defect should have been pointed out by special exception; and having failed to except specially, the defendant will not be permitted to take advantage of the omission by objecting to the testimony when offered. Wiebusch v. Taylor, 64 Texas, 56; 65 Texas, 291; 63 Texas, 312; 22 Texas, 349; 53 Texas, 439; 9 Texas, 62; 55 Texas, 560; 3 Texas, 210.

*Mathews & Neyland*, for appellee.

GARRETT, PRESIDING JUDGE, *Section B.*—This was an action on debt. An attachment was sued out and levied on property; but the only question before this court is whether or not there was a material variance between the note declared on in the allegation in the petition, "that on or about the 11th day of October, 1888, the defendant made, executed, and delivered his certain promissory in writing," etc., and the note offered in evidence by the plaintiff, dated October 12, 1888. In every other respect the note was correctly described. On objection by the defendant on the ground of variance the note was excluded by the court. Plaintiff also offered to prove by the defendant R. H. Stephenson, for the purpose of identifying the note, that he executed and delivered to plaintiff only two notes, one dated December 3, 1888, and the other dated October 12, 1888, both for $500 each. The suit was brought upon two notes of the above description, and on account. This evidence was also excluded. Plaintiff took bills of exception to the action of the court, and has assigned it as error.

There was no material variance between the note described in the petition and the one offered in evidence. The allegation is, that "on or about the 11th day of October, 1888, the defendant made, executed, and delivered," etc., and not that the note was executed on that day. A note is produced dated October 12, 1888, which in every other respect is accurately described. A variance between the allegation and proof which ought not to have misled the adverse party to his prejudice is not material. It must be such as to mislead or surprise the opposite party. A rule is adopted in McClelland v. Smith, 3 Texas, 213, which should apply to this case: *"That if the misdescription will tend to mislead and surprise the adverse party it should be noticed by the court; if not, it may be disregarded."* May v. Pollard, 28 Texas, 677; Smith v. Shinn, 58 Texas, 3; Wiebusch v. Patterson & Taylor, 64 Texas, 56; Lasater v. Van Hook, 77 Texas, 655; 2 Greenl. on Ev., sec. 12; Chitty on Bills, 635.

We report the case for reversal.

*Reversed and remanded.*

Adopted December 8, 1891.