## R. Z. Dyer v. W. H. Adams.

### Decided June 12, 1909.

**1.—Contribution—Variance—Allegation and Proof—Notes.**

Where, in. an action for contribution, the plaintiff alleged that he and defendant being jointly indebted to the bank executed and delivered to said bank their two notes aggregating a certain sum, and that he had paid off and discharged same, and the notes showed upon their face that they were joint and several, and plaintiff testified that they were given in settlement of their partnership business and to close their transactions with ·the bank, and that the amount was what they owed the bank which was evidenced by various notes they had previously executed jointly and overdrafts, there was no material variance in the allegations and proof.

**2.—Contribution—Illegal Transaction—Settlement.**

Where, in a suit for contribution, the issue made by the defendant was that while the parties were partners the plaintiff had lost the money for which their notes were given in gambling transactions and promised to pay same and hold defendant harmless, the defendant was in no position to receive relief at the hands of the court with reference to plaintiff's gambling if there had been a final settlement and adjustment of the partnership business at the time the notes were given.

**3.—Charge—Omission—Defensive Issues.**

A plea of defendant, in an action for contribution, that the plaintiff promised to save him harmless from the payment of said notes, was a defense, and the failure of the court to charge thereon was not affirmative error, but merely an omission, and the defendant, failing to request a charge submitting the issue, could not be heard to complain.

Appeal from the District Court of Rockwall County. Tried below before Hon. F. L. Hawkins.

*Wallace & Mount,* for appellant.

Where appellee's petition alleged that plaintiff and defendant were joint makers of two notes, and that plaintiff had paid both of them, and sought to recover of the defendant one-half of the amount so paid by plaintiff on said two notes, and the uncontradicted testimony was that the notes were not in fact joint and several notes, plaintiff's testimony being to the effect that he was principal upon one note, with defendant as his surety, and that defendant was principal upon the other with plaintiff as surety, and the defendant's testimony being to the effect that plaintiff was principal upon both of said notes, with him as surety, the proof was fatally at variance with plaintiff's petition, and the court should have peremptorily instructed the jury to find for the defendant. Letot v. Edens, 49 S. W., 109; Morris v. Kasling, 79 Texas, 145; Braly v. Barnett, 78 S. W., 965; Western U. Tel. Co. v. Byrd, 79 S. W., 40.

Where partners in a copartnership, formed for the purpose of dealing in spot cotton, dealt also in cotton futures and gambled and wagered on the rise and fall of the commodity with third parties, thereby losing a sum of money, and to pay their losses drew checks on a bank at which they had a line of credit, thereby creating ·an overdraft at such bank, and to cover such overdraft executed two notes,

and one of the partners subsequently paying both of such notes, the other partner having never paid in money or its equivalent any portion of his share of such losses, can set up the fact that such indebtedness arose out of gambling or wagering transactions and defeat the other's suit for contribution. Art. 378 Penal Code; Floyd v. Patterson, 72 Texas, 202; Seeligson v. Lewis, 65 Texas, 216; Wegner Bros. v. Biering & Co., 65 Texas, 506; Medearis v. Granberry, 84 S. W., 1070; Beer v. Landman, 88 Texas, 450; Wiggins v. Bisso, 92 Texas, 219; McNeese v. Carver, 89 S. W., 430; Columbia Carriage Co. v. Hatch, 47 S. W., 290.

*William H. Allen,* for appellee.

RAINEY, CHIEF JUSTICE.—In 1903 Adams and Dyer formed a co-partnership to buy cotton which existed during the cotton season of 1903-'04. At the close of that season, when they dissolved, they owed the Royse City Bank sums of money aggregating $2,347.89. In settling said sum they executed to the bank two promissory notes, one for $1,146.25, payable November 1, 1905, signed W. H. Adams and R. Z. Dyer, and the other for $1,163.85, payable December 1, 1905, and signed R. Z. Dyer and W. H. Adams. These two notes were paid off and discharged by Adams, who brings this suit for contribution, seeking to recover of Dyer his proportion of the amount so paid, the allegations of plaintiff's petition being, in effect, that plaintiff and defendant, being jointly indebted to the bank, executed and delivered to said bank their two promissory notes aggregating $2,347.89; that he had paid off and discharged same, and asked for judgment for one-half of said amount.

Dyer answered that the copartnership was entered into for the purpose of dealing in "spot cotton;" that Adams had violated said partnership agreement by dealing in "futures," which is wagering upon the rise and fall of the market, and thereby lost $4,300, which was paid by drawing checks on said bank, with which they had a line of credit. That the notes given to the bank were given to cover said indebtedness, and at the time he signed said notes Adams agreed that if he, Dyer, would sign same, he, Adams, would hold him harmless, and on the faith of said promise he signed same.

Adams replied that if plaintiff and defendant dealt in futures, that said transaction had been fully, fairly and mutually adjusted and settled between them, and that the bank was no party to such transaction, and that the said money for which said notes were given had been applied by plaintiff and defendant in their business, and that defendant is estopped from setting up said plea of illegal contract.

A trial resulted in a verdict and judgment for plaintiff for what he sued, and the defendant prosecutes this appeal.

Paragraph one of the court's charge reads as follows: "If you believe from the evidence that plaintiff and defendant had a final settlement and adjustment between them of their partnership accounts and transactions, and after said settlement and adjustment executed the two notes described in plaintiff's petition, then you will find for the plain-

tiff $1,169.40, with interest at six percent," etc.   Appellant complains of the giving of this charge and insists that there is a variance in the allegations and proof, in that plaintiff alleged he and defendant were joint makers of two promissory notes, and he had paid both of them, and sought to recover for one-half the amount so paid, when the evidence shows they were not in fact joint and several notes.   That the testimony of plaintiff was that he was principal upon one of the notes and defendant surety, and that defendant was principal upon the other with plaintiff as surety.   That defendant testified that plaintiff was principal upon both notes with him as surety.

The two notes show upon their face to be joint and several.   Adams testified, in effect, that the notes were given in the settlement of their copartnership business, and to close up their transactions with the bank. That said amounts was what they owed the bank, which was evidenced by various notes they had previously executed jointly, and overdrafts. Dyer admitted to executing the notes, but states he did so upon the promise of Adams that Adams would pay them and he was to be held harmless.

We are of the opinion that there is no such variance in this case between the allegations and proof as was calculated to mislead and surprise the defendant, and therefore the variance, if any, becomes immaterial.   McClelland v. Smith, 3 Texas, 213; First Nat. Bank v. Stephenson, 82 Texas, 435.

Appellant assigns the following as error, to wit: "The court erred in failing to submit to the jury the issue and defense relied upon by defendant, and pleaded by him in paragraph six, section 2, of his first amended original answer, which is as follows: 'That plaintiff, knowing that he had lost the funds of said copartnership by gambling and wagering, promised the defendant that if he (defendant) would sign said note with him to comply with the demands of the bank, that he (plaintiff) would himself pay off said notes and hold defendant harmless by reason thereof.   And that defendant, relying upon said promise, did sign said notes.'   Because said defense was supported by the evidence."

The proposition made is: "It is positive error for the court to fail to submit in his charge to the jury a material issue raised by the pleadings and supported by the evidence."

The issue made by defendant on the trial was that Adams had lost the money in dealing in futures, and had promised to pay the amounts owing by the firm to the bank and save him harmless.   This was denied by the plaintiff, and that there had been a full and fair settlement of the firm business.

The court charged the jury: "If you believe from the evidence that there had been no final settlement and adjustment between plaintiff and defendant of their partnership accounts and transactions, then plaintiff can not maintain this suit, and you will find for defendant if you so believe from the evidence."

If there had been a final settlement between the parties, then defendant was in no attitude to receive relief at the hands of the court with reference to Adams' dealing in futures.   Smith v. Booty, 49 Texas Civ. App., 628.

The plea of the defendant, that Adams promised to save him harmless from the payment of said notes, was a defense, and the failure of the court to charge thereon was not an affirmative error, but merely an omission, and the defendant failing to request a special charge covering that issue, can not now be heard to complain. The judgment is affirmed.

*Affirmed.*

Writ of error refused.