## DURRILL v. ROBISON, Land Com'r.

(Supreme Court of Texas.   June 7, 1911.)

INFANTS (§ 11*)—DISABILITIES—REMOVAL.

Under a statute authorizing a removal of the disabilities of infancy in certain cases by the district court of the county where the minor resides, an order purporting to remove the disabilities of relator, showing on its face that she was only temporarily a resident of that county, she having gone there to get her disabilities removed, with the intention to return to her home county, was void.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 11.*]

Motion for permission to file petition for mandamus by Pansy Durrill against J. T. Robison, Land Commissioner.   Overruled.

E. R. Pedigo, for relator.

BROWN, C. J.   It appears from the judgment of the district court of Travis county, purporting to remove the disabilities of relator, that she was not a resident of the county of Travis within the meaning of the statute.   Her application shows that she came to Travis county for the purpose of getting her disabilities removed, and that she intended as soon as she accomplished that purpose to return to El Paso county.   The court recites in its order that she is temporarily a resident of Travis county.   The statute provides that the proceeding must be had in the county where the minor resides, and, it appearing upon the face of the proceeding that she did not reside in Travis county, the order is void.   Cunningham v. Robison, 136 S. W. 441.   Being a minor, the relator is not qualified to purchase the land.

It is therefore ordered that the motion be overruled, at the cost of the relator.

---

## FT. WORTH & R. G. RY. CO. v. ROBERTSON et al.

(Supreme Court of Texas.   June 7, 1911.)

COSTS (§ 60*)—PARTIAL SUCCESS—APPORTIONMENT.

Rev. St. 1895, art. 1425, provides that the successful party shall recover all costs expended and incurred, except where it may be otherwise provided by law; and article 1438 declares that the court, for good cause, to be stated on the record, may adjudge the costs otherwise than as provided in the preceding articles.   Held, that where an alleged widow sued for wrongful death of a decedent, joining a minor daughter as a party plaintiff, and it was ultimately determined that she could not recover at all, and the judgment was sustainable only so far as it awarded damages to the daughter, the costs should be equally divided between the defendant and the alleged widow.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 60.*]

On motion to retax costs.   Granted.

See, also, 121 S. W. 202; 131 S. W. 400.

McLean & Carlock, for appellant.

BROWN, C. J.   Articles 1425 and 1438 of our Revised Statutes of 1895 read as follows:

"Art. 1425.   The successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law."

"Art. 1438.   The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter."

Under these articles the court may and should apportion the cost in cases wherein there is a partial recovery according to the facts of the case and the result of the trial. Jones v. Ford, 60 Tex. 132.

Maggie M. Robertson instituted this suit to recover for herself damages on account of the death of her husband, John P. Robertson, making Annie Robertson, a minor, a plaintiff, and at the same time alleging facts tending to show that she, Maggie M. Robertson, was entitled to recover the whole sum, or at least a greater part of the damages.   It will thus be seen that Maggie M. Robertson was the mover in this litigation, and, as we view the facts, her claim to recover the damages was the principal matter of contest between the parties.   If any discrimination should be made in the apportionment of the costs between her and the railway company, upon her failure to sustain her judgment in this court, it would seem by her counsel's argument to be proper that she should be charged with the greater proportion of the cost.   We see no reason for holding that the litigation of her claim was any less expensive to the railroad company than it would have been if the minor had not been a party to the suit.

We are of opinion that the costs should be equally divided between the railway company and Maggie M. Robertson; and it is so ordered.