### CLUETT, PEABODY & CO. v. SEARS.†

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 17, 1912. Rehearing Denied March 30, 1912.)

1. MASTER AND SERVANT (§ 80*)—WRONGFUL DISCHARGE—ACTIONS — ISSUES, PROOF, AND VARIANCE.

The variance between the petition in an action by an employé for the balance due on his contract, which alleges that the salary paid for six months preceding semiannual settlements, and expense money advanced to him during such period, must be added together and multiplied by 10, and the product deducted from the net amount of shipments made on the basis of selling price, and on such balance to allow a commission in addition to the stated salary, and the proof, authorizing an additional deduction of a percentage in semiannual set-

tlements, based on losses, to determine the amount on which commissions are to be calculated, is not fatal, because the variance does not mislead or surprise either party.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. § 80.*]

2. PLEADING (§ 279*)—SPECIAL EXCEPTIONS —SUPPLEMENTARY PETITION.

Where the supplementary petition, filed to meet special exceptions to the petition, specifically alleged that the facts inquired about and not disclosed were peculiarly within the knowledge of defendant, it sufficiently met the special exceptions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by L. C. Sears against Cluett, Peabody & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Wray & Mayer, of Ft. Worth, for appellant. Geo. Q. McGown, Marvin H. Brown, and T. A. Altman, all of Ft. Worth, for appellee. -

SPEER, J. L. C. Sears sued Cluett, Peabody & Co. in the district court of Tarrant county to recover a balance alleged to be due on a contract of employment, whereby plaintiff alleged that he was to receive the sum of $75 per month and certain commissions on sales made by him for the defendant company during the year 1907. The petition showed a case of wrongful discharge before the expiration of the contract, and an unpaid balance of commissions for goods subsequently delivered upon orders taken prior to such discharge. There was a verdict and judgment for the plaintiff, and the defendant has appealed.

[1] The major part of appellant's brief is taken up with a presentation of the proposition that there was a variance between the contract sued upon and that proved and submitted in the court's charge. We hold against this contention. Briefly stated, the supposed variance consisted in this: In the petition it was alleged, as a basis for the recovery of the commissions claimed, that under the contract the amounts paid to plaintiff for salary for the six-months period preceding the semiannual settlements, and all expense money advanced to plaintiff by the defendant for the preceding six months, were to be added, the sum multiplied by 10, which product was then to be deducted from the net amount of shipments made on the basis of selling price of defendant, and on such balance plaintiff was to receive and defendant to pay 3 per cent. commission as compensation, in addition to the stated salary. The trial court instructed the jury to ascertain the amount of the commissions as follows: "You will then deduct from such amount (merchandise delivered upon plaintiff's orders) 10 times the sum of plaintiff's salary of $75 and his traveling expenses from May 31, 1907, to July 1, 1907. *You will then deduct from the result so obtained 5½ per cent.* You will then ascertain 3 per cent. of the amount then left," etc. Appellee's testimony on direct examination supported his allegation as to the method of computing the commissions to which he was entitled, but upon cross-examination he admitted that appellant company deducted in the semiannual settlements the 5½ per cent. (presumably for loss) authorized by the charge.

But, conceding that both parties understood the contract as submitted in the charge, there is not such a variance as would be fatal to the recovery. It is only those misdescriptions which tend-to mislead, or surprise, the adverse party that will be noticed by the court. If the variance is unimportant—that is, not calculated to mislead or surprise any one—there is no sound reason for rejecting the evidence when offered, or denying a recovery when the same is admitted. McClelland v. Smith, 3 Tex. 213; First Nat. Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583. It cannot with any degree of reason be insisted that the contract upon which the court authorized a recovery was not the contract declared on by appellee. There can be no doubt but that this recovery would bar a recovery upon the same transaction based upon another pleading accurately defining the terms of the contract, and this appears to be one of the tests applied in determining such a matter.

[2] The only question which remains relates to the court's rulings on special exceptions attacking appellee's amended pleadings for want of definiteness as to orders taken and filled upon which commissions were claimed. It appears that appellee met these exceptions in a supplementary petition in so far as he was able to meet them, and specifically alleged that the facts inquired about and not disclosed were peculiarly within the knowledge of appellant. This was sufficient.

We find no error in the judgment, and it is affirmed.