GRIEB et al. v. STAHL et al.

(Court of Civil Appeals of Texas. Galveston.
March 13, 1913. Rehearing Denied
April 10, 1913.)

1. COSTS (§ 61*)—PARTIAL SUCCESS—APPORTIONMENT.

Under Rev. St. 1895, art. 1438, providing that the court, for good cause to be stated on the record, may adjudge the costs otherwise than as provided in the preceding articles, where the court stated that the suit had resulted in an adjustment of the equities between tenants in common and in partition of the property between plaintiffs, who claimed an undivided half interest therein and sought partition and an accounting and an adjustment of the equities as to the rents, and that part of the defendants, the defendants in error, pleaded a general denial, that new parties were brought in and numerous pleadings filed so that the case finally became one of numerous and complicated issues as to the equities of the parties in the rents, it properly adjudged that such defendants in error recover their costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 272; Dec. Dig. § 61.*]

2. APPEAL AND ERROR (§ 293*)—NECESSITY OF OBJECTION—COSTS.

Parties will not be heard to complain of a judgment as to costs unless the matter has been brought to the attention of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1395, 1700–1703, 1705, 1706; Dec. Dig. § 293.*]

3. APPEAL AND ERROR (§ 79*)—DECISIONS REVIEWABLE—FINAL JUDGMENT.

In an action for partition and an accounting, in which P., who had purchased an interest in the property, was made a party by the plaintiffs, and in which his grantees intervened, claiming relief against their grantor, and later suggested his death, praying that his heirs might be made parties, such heirs being afterwards dismissed without adjudication as to their rights, the judgment was a final judgment so as to be appealable, though no disposition was therein made as to the rights of P.; it being presumed that proper proof of his death was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Katharine Grieb and others against Maria Stahl and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

See, also, 108 S. W. 1197.

Lewis Fogle, of Houston, for plaintiffs in error. Rowe & Doughty and E. T. Chew, both of Houston, for defendants in error.

REESE, J. Only two assignments of error are presented by the briefs of appellants, both complaining of the judgment in the matter of costs.

[1, 2] By the first assignment appellants complain of the judgment in adjudging that defendants, Maria Stahl, Philip F. Wagner, and Leila M. Stahl, recover their costs. The trial court adjudged the costs between the different parties under article 1438, R. S., providing that "the court may, for good cause to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter." The reasons for so doing stated in the judgment are that the suit had resulted in an adjustment of the equities between tenants in common and partition of the property. Appellants in their pleadings claimed an undivided one-half interest in the property and sought partition and an accounting and adjustment of the equities as to the rents. Maria Stahl and Philip Wagner in their original answer pleaded general demurrer and general denial. But, as the case proceeded, new parties were brought in, numerous pleadings filed, and the case finally became one of numerous and complicated issues as to the equities of the parties in the adjustment of the rents. We do not think the court erred in adjudging the costs as was done, for the reasons given. Ft. Worth & R. G. Ry. Co. v. Robertson (Sup.) 138 S. W. 107. But, if this were not true, this assignment of error could not be sustained. In the motion for a new trial, no objection was made to the judgment as to the costs in the matter complained of. The rule seems to be well settled in this state that parties will not be heard to complain of the judgment as to costs, unless the matter had been brought to the attention of the trial court in a motion for new trial, or in some other proper way. Bridge v. Samuelson, 73 Tex. 523, 11 S. W. 539; Wiebusch v. Taylor, 64 Tex. 56. The assignment is overruled.

The second assignment of error complains of the judgment as to costs in adjudging against interveners, J. O. and Rosina P. Davis, only such costs as had accrued subsequent to their intervention. The interveners, having bought certain interests in the property pending the litigation, intervened in the case setting up their rights as such purchasers. In adjudging the costs, the court adjudged against said interveners all the costs incurred from and after the filing of their plea of intervention. This objection was properly presented in the motion for a new trial. We think the trial court did not err in the matter complained of. We find no error in the judgment, and it is affirmed.

[3] It was insisted in oral argument by appellants that this court has no jurisdiction to hear and determine this appeal because the judgment appealed from is not a final judgment. One S. O. Plummer, having bought an interest in the property, appears to have been made a party by appellants. He appears to have sold out to J. O. and Rosina P. Davis, who thereupon intervened and in their plea in intervention claimed some sort of relief against Plummer. During the progress of the case, J. O. and Rosina P. Davis filed a pleading setting up the death of S. O. Plummer and praying that his heirs be made parties, and they were

made parties as such. Afterwards these heirs were formally dismissed. Appellants made no effort to make the heirs of Plummer parties to their suit. In the judgment, no adjudication is made of the rights of Plummer. We think we may assume that proper proof was made that Plummer was dead.

We think the judgment is a final judgment.