**BRITISH GENERAL FIRE INS. CO., Limited, v. RIPY et al.**

No. 12920.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 18, 1935.

Rehearing Denied Feb. 22, 1935.

Elton M. Hyder, of Fort Worth, and T. M. West, of San Antonio, Tex., for appellant.

Mike E. Smith, John O. Ragan, and Ratcliff & Christian, all of Fort Worth, for appellees.

BROWN, Justice.

Appellee Mrs. J. A. Ripy and her husband, O. P. Ripy, brought suit in the district court of Tarrant county against appellant British General Fire Insurance Company upon the fire insurance policy in controversy issued by appellant to Mrs. Ripy, the owner of the property. They made E. C. Smith and Mrs.

Josephine Vogel parties defendant, alleging that Mrs. Ripy owned the property and the insured premises and took out the fire insurance policy in controversy; that after the policy was issued Mrs. Ripy, joined by her husband, conveyed the property to E. C. Smith, and notified the insurance company's agent of such conveyance; that an assignment or transfer was made by the insurer's agent in writing; that Smith paid no consideration for the property but held same as trustee for the owner Mrs. Ripy; that a fire occurred and caused a total loss of the premises; that Mrs. Vogel was entitled to recover $700 and interest out of the proceeds of the policy; that Smith had filed a disclaimer; and prayer was for judgment against the insurer for the amount of the policy; that Mrs. Vogel be paid her debt therefrom and appellees recover the balance.

Appellant insurer answered by a general demurrer, and by alleging that the appellees made fraudulent representations as to the actual transfer of the property to Smith and had breached the warranties in the policy as to title and interest; that there was only a partial loss; that the premium had not been paid; that O. P. Ripy set fire to the premises; that the insurer had purchased the debt with the lien owned by Mrs. Vogel and was subrogated to her rights; and that such debt be deducted from plaintiffs' recovery, should recovery be had.

Mrs. Vogel was dismissed from the suit; E. C. Smith disclaimed.

The policy of insurance was issued by appellant to Mrs. J. A. Ripy. After the deed was executed by Mrs. Ripy and husband to E. C. Smith and the local agent of the insurer notified of such conveyance, a proper rider was attached making Smith the beneficiary. A loss payable clause is attached protecting Mrs. Vogel.

The testimony disclosed that Mrs. Ripy and her husband conveyed to Smith for the purpose of having a lien fixed upon the property to effect certain improvements; that Smith paid no consideration for the conveyance and was holding his title as trustee for Mrs. Ripy. It also appears that Smith gave O. P. Ripy a general power of attorney.

The case was tried to a jury, and four special issues of fact were submitted, in substance, to wit:

(1) Was the building in question a total loss? to which the jury answered, "Yes."

(2) What was the reasonable cost of replacing the destroyed property? After the court properly instructed the jury not to answer such issue if they answered issue No. 1 in the affirmative, no answer was made.

(3) Did O. P. Ripy set fire to the premises? Answer, "No."

(4) Was work being done in repairing or altering the premises for a period of more than fifteen days next preceding the fire? Answered, "No."

The trial court rendered judgment that plaintiff take nothing against Mrs. Vogel and Smith; that Mrs. J. A. Ripy, joined by her husband, recover of the defendant insurance company $1,355.93, being the balance of the principal sum evidenced by the insurance policy after deducting the amount paid by the insurance company to Mrs. Josephine Vogel for her first lien note against the premises, which sum was allowed the defendant as a credit upon the whole sum recoverable under the policy.

The defendant insurance company has appealed from this judgment.

The first assignment of error complains that the trial court should have sustained appellant's motion to set aside the judgment rendered because several terms of court had elapsed between the time the verdict was rendered and the judgment entered.

The verdict of the jury, in a case where special issues are submitted, in effect says to the trial court, "We find the facts that you have submitted to us as follows," and leaves to the trial court the duty of finding all uncontroverted facts and controverted facts which may lawfully be found by the court; and which were not submitted to the jury, as well as the determination of what judgment should be entered upon all the findings thus made.

The verdict in the instant case is clear upon the issues submitted, and supports the judgment. We are of the opinion that, the jury having found all facts submitted for their determination and the trial court being under the duty to render judgment in accordance with such verdict, together with the court's findings upon the uncontroverted issues not submitted to the jury, the trial court had authority, under the Special Practice Act, to render judgment "at the time" same was rendered. Article 2092, subd. 28, Rev. Civ. Statutes, as amended by Acts 1930, 5th Called Sess., c. 70, § 1 (Vernon's Ann. Civ. St. art. 2092, subd. 28).

The second assignment of error complains of the overruling of the defendant's general demurrer. Undoubtedly the peti-

tion states a cause of action, and the assignment is overruled.

The third assignment of error complains of the action of the trial court in refusing appellant's request for a peremptory instruction. The evidence clearly raises the issues of fact that were submitted to the jury, and this assignment of error is overruled.

Appellant's fourth assignment of error complains of the admission in evidence of the insurance policy that is made the basis of appellee's suit; the contention being that there is a fatal variance between the contract pleaded and the contract introduced in evidence. No such variance appears to us. Furthermore, Smith having been made a party to the suit by plaintiffs with proper averments of facts under which the deed was executed to him by the Ripys, the insurance company was fully protected as against any apparent interest he may have had in the policy. New Orleans Ins. Co. v. Gordon, 68 Tex. 144, 3 S. W. 718, 719. Our Supreme Court in First Nat. Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583, announces the correct rule as to material variances, saying: "A variance between the allegation and proof which ought not to have misled the adverse party to his prejudice is not material. It must be such as to mislead or surprise the opposite party." The insurance company was neither misled nor surprised in the instant case, but was put upon notice by the very pleadings to which it made answer. We overrule the assignment of error.

The fifth assignment of error complains of the introduction in evidence of a power of attorney executed by O. P. Ripy and wife to E. C. Smith and refers to defendant's bill of exception No. 6. That bill of exception shows that the defendant excepted to the introduction in evidence of a power of attorney executed by E. C. Smith to O. P. Ripy. The assignment of error is not strictly germane to the subject-matter of the bill of exception referred to, but we understand the proposition intended to be presented, and we find no error in admitting in evidence the power of attorney. The assignment of error is overruled.

The sixth assignment of error complains of the trial court not granting defendant's request to instruct the jury not to consider the remarks made by the witness Frost while being cross-examined by appellant, wherein the witness, being questioned about the use of materials left on the ground after the fire in rebuilding, was asked if in replacing the improvements with a new house the witness would be compelled to spend money to clear the premises, and closed the question by asking, "Are you going to take all of those cement blocks out?" to which the witness answered, "Yes. The city ordinance requires that."

In the first place there is no testimony showing that the house was built on concrete blocks, but, on the contrary, that same was built on wooden blocks, and if it appeared that the witness' answer to the improper question constituted error, same was undoubtedly harmless in that there is no testimony tending to show that cement blocks, in good condition, remained for use in rebuilding. Furthermore, we find no error in the trial court's ruling, in that it appears that appellant's counsel brought out the identical testimony from the witness on cross-examination prior to the giving of the answer to which the assignment of error is addressed, and no effort was made to have such similar testimony excluded. The assignment of error is overruled.

The seventh and eighth assignments of error assert that the trial court committed fundamental error in not rendering judgment for the defendant because the policy of insurance had been transferred to E. C. Smith, thereby creating a new contract in which Ripy had no title or interest, and that the defendant had a right to say with whom it would contract, and to rely upon its ostensible contract with Smith, and that the trial court in rendering judgment for appellees "presumed a contract with Mrs. Ripy."

The ninth and tenth assignments of error assert that the trial court committed fundamental error in rendering judgment for plaintiffs, on the theory that the undisputed evidence shows that plaintiffs were not the sole owners of the policy and had no interest in either the policy or the property insured, and that the warranty of sole ownership was violated.

Under the authority of Camden Fire Insurance Ass'n v. Bomar (Tex. Civ. App.) 176 S. W. 156, we are of the opinion that there was no merit in the seventh and eighth assignments of error. Furthermore, if appellant be correct in charging that there was a misrepresentation as to the ownership or interest in the property, it did not, within a reasonable time, give notice that it would not be bound by the policy because of such misrepresentation. Article 5044, R. C. S.; Na-

tional Guaranty Fire Ins. Co. v. King (Tex. Civ. App.) 24 S.W.(2d) 501.

As to the warranties of sole ownership relied upon by appellant in its ninth and tenth assignments of error, we see no merit therein. In the case of New Orleans Ins. Co. v. Gordon, supra, the Supreme Court said: "The only matter to be considered is whether a mere deed, not intended by either party to convey title, and under which the grantee was to take no interest, effected any change in the ownership of the property. To state this proposition is to decide it in the negative."

Furthermore, in the opinion, the court said: "There is a vast difference between having a deed and having title to land. The former is evidence of the latter, but may exist without it; and here, while Keller had a deed for the property, the title remained in Gordon for all purposes, and especially for any purpose connected with its insurance against fire."

We do not find in the record anything to indicate that the insurer was injured by reason of Mrs. Ripy and her husband placing the title to the insured property in the name of her chosen trustee.

All assignments of error are overruled, and the judgment of the trial court is affirmed.