J. B. COVINGTON, Appellant,

v.

Mrs. Mary McDONALD, Appellee.

No. 6996.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 19, 1957.

Earl R. Parker, J. Lee Zumwalt, Burt Barr, Dallas, for appellant.

Leake, Henry, Golden & Burrow, Geo. Garrison Potts, Duncan Boeckman, Hartman Hotz, Dallas, for appellee.

FANNING, Justice.

This is a will contest case. On February 15, 1943, William L. Covington, now deceased, a career Army sergeant, executed his written will at Camp Shelby, Mississippi, naming his first cousin, Mrs. Mary McDonald, the appellee herein, as his executrix, with her son, Laurie Arnold McDonald, as his beneficiary. The execution of the will was witnessed by the attesting witnesses, H. H. Harmon and Earl D. Britton, and all of the legal formalities requisite to make it a valid will were observed, and the testator declared at the time of its execution that it was his last will and testament. Testator died on July 5, 1952, at Fitz-Simmons General Hospital in Denver, Colorado, leaving no wife or direct descendants but only a number of first cousins as his nearest surviving relatives. The estate had been largely reduced to funds in savings and loan associations in Dallas, Texas, and Mrs. McDonald filed application in the Probate Court of Dallas County, Texas, for probate of said will, which application was contested by J. B. Covington, appellant herein, who was another first cousin of the deceased testator. The will was duly probated in the Probate Court and appellant appealed to the District Court of Dallas County, Texas, 14th Judicial District of Texas. Upon trial in the District Court the will was produced in court and it was wholly unmarked, without any altera-tions; no subsequent will or revocation in writing by the testator was produced or offered in evidence, nor were the contents of any alleged subsequent will or alleged written revocation ever offered in evidence in the case. Appellee offered testimony to the effect that the will had not been revoked so far as known to the testifying and attesting witness Harmon. Appellant offered no evidence of probative force that the will had been revoked. The trial court granted the motion of appellee for an instructed verdict, withdrew the case from the jury, and rendered judgment probating the will in question, revoking and cancelling letters of administration previously granted, and granted letters testamentary to appellee, Mrs. McDonald. J. B. Covington, the appellant, has appealed.

By his first point appellant contends that there was evidence that the testator executed the will in question without testamentary intent. In this connection he contends that testator Covington was required by the U. S. Army to make a will. We have carefully examined the record and find no evidence which will support appellant's contention in this respect. Appellant's first point is overruled.

By his second point, appellant contends that there was evidence that testator Covington, by a declaration in writing, revoked the will in question. By his fourth point appellant contends that the trial court erred in refusing to admit in evidence a certain "blueback manuscript cover" on which W. L. Covington (allegedly) in his own handwriting, had endorsed as his "last will." By his fifth and sixth points appellant contends that the evidence established that testator Covington had revoked the will in question and that there was no evidence that testator Covington had not revoked the will in question.

Section 63 of the Texas Probate Code, V.A.T.S. (formerly Article 8285, Vernon's Tex.Civ.St.), provides:

"No will in writing, and no clause thereof or devise therein, shall be

revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence. Acts 1955, 54th Leg., p. 88, ch. 55."

In Baptist Foundation of Texas v. Buchanan, Tex.Civ.App., 291 S.W.2d 464, 472, wr. ref., n.r.e., it is stated:

"The burden is upon the party who asserts revocation 'to show by a preponderance of the testimony the execution, attended by due formality and legal requirements, of a subsequent instrument, which either expressly or impliedly revoked the former will.' 44 Tex.Jur., Wills, Sec. 101, p. 645."

The alleged blue-back manuscript cover in question was never produced in court or offered in evidence—it does not appear in the statement of facts or in any bill of exception. The vague and uncertain secondary references to said alleged blue-back manuscript cover cannot under this record be construed as any evidence of probative force of any revocation of the written will in question.

Also the letter from the deceased testator to Mrs. Ercell Evans is not a written revocation of the will in question. This letter consists in the main of family news and opinions of the writer. Appellant in his brief does not specify what portion of said letter he is relying on to constitute a revocation. Apparently the language he is relying on reads as follows: "I'll handle those in Memphis who won't profit a d—— bit with my death, if Uncle Sam is not served." We hold that the letter in question does not constitute a revocation of the will in question, nor does it constitute any evidence of probative force of any revocation of the will in question. See Redmond v. Redmond, Tex.Civ.App., 127 S.W.2d 309, wr. ref.

We have carefully reviewed the record in this case and have reached the conclusion that the evidence established that the will in question had not been revoked and that there was no evidence of probative force to the contrary sufficient to raise a jury issue on revocation. The will was produced in court in an unmarked and unmutilated condition and was unattended by any circumstances which would cast suspicion on it. By deposition H. H. Harmon testified that he witnessed the execution and the said William L. Covington being of sound mind at the time, declared it to be his last will and testament when signing it in the witnesses' presence on February 15, 1943. The whole effect of Harmon's testimony is that the will was executed with all the formalities and solemnities required by law unattended by any circumstances whatsoever to cast any suspicion upon its validity or solemn execution. Harmon further testified that so far as he knew the said will had not been revoked.

The testimony of Harmon satisfied proponent's burden of proving that the will had not been revoked. See McElroy v. Phink, 97 Tex. 147, 76 S.W. 753, 754, wherein it is stated:

" 'Before admitting a will to probate it must be proved to the satisfaction of the court * * * (5) that such will has not been revoked by the testator.' In order to construe the fifth subdivision of the article, let us take the case of a will which has been produced without mutilation or other evidence of an intent to revoke it, and the execution of which has been duly proved. Does the statute make it incumbent upon the proponent in such a case to go further, and offer additional evidence to prove the negative, namely, that it has not been revoked in any of the methods provided by law? We think not. The will having been established as having been duly executed by the testator, and having been produced, unattended by any circumstances which cast suspicion

upon it, the presumption of the continuity of the status applies, and makes a prima facie case as against a revocation."

Also in this connection see Venner v. Layton, Tex.Civ.App., 244 S.W.2d 852, 856, wr. ref., n.r.e., wherein it is stated:

"Appellants assert error in appellees' failure to show the will had not been revoked. Under the evidence here, no jury issue was present. There was a presumption, although rebuttable, of continuity. Only where there is evidence casting suspicion on its being testatrix' last will, or tending to destroy the presumption, is a jury question as to revocation present. The presumption does not change the burden of proof; merely the burden of proceeding. May v. Brown, 144 Tex. 350, 190 S.W.2d 715, 165 A.L.R. 1180; 6 Texas Law Review, 556; Art. 8285, R.C.S. Such contention is overruled."

Appellant points to evidence which he claims raises a jury issue on revocation, such as the alleged blueback manuscript cover not offered in evidence, the Ercell Evans letter above referred to, the testimony of J. Shaver that the deceased testator said he was going to make a will and gave indications as to what he might do with his land, the testimony of appellant's wife, Laura Mae Covington, that the testator told her he was revoking an old will and making a new one, and the testimony of appellant that the testator had told him at Fitz-Simmons Hospital to the effect that he had revoked his will, and testified as to other matters, which testimony of appellant was excluded by the trial court under Article 3716, V.T.C.S.

■ There was no testimony in the record of any one ever having seen a written revocation of the will in question—no written revocation was offered in evidence nor were the contents of any allegedly lost written revocation ever testified about or offered in evidence or shown to have been executed with the formalities prescribed by law. Nor was any subsequent will produced or offered in evidence. There is no evidence of probative force in the record that the will in question was ever revoked by any of the methods outlined in Section 63 of the Probate Code, supra. In Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, motion for rehearing overruled, 114 Tex. 418, 270 S.W. 1001, it is stated in 267 S.W. at page 247, as follows:

"The modes of revoking a will are as definitely prescribed in article 7859 (now section 63 of the Probate Code) as the modes of making it, and no essential part of the one can be dispensed with any more than the other." (Interpolation ours.)

■ The testimony of Shaver and Mrs. Covington concerning statements by the testator that he was making a will, that he might do this or that, or that he had revoked his old will, does not amount to a revocation of his will or the changing any of its provisions. See the following authorities: Ater v. Moore, Tex.Civ.App., 231 S.W. 457; Locust v. Randle, 40 Tex. Civ.App. 544, 120 S.W. 946; 44 Tex.Jur., Wills, pp. 638–639, 643–646. Also see McElroy v. Phink, 97 Tex. 147, 76 S.W. 753, on page 755, wherein it is stated as follows:

"When the declarations of an alleged testator consist, in effect, of the naked assertion that he has made a will, or that he has revoked one that is proved to have been executed, they are generally excluded; and we think such action is proper, for the reason that such declarations are merely statements of a legal conclusion and not a statement of the facts from which that conclusion should be deduced."

■ We also hold that the trial court under this record did not err in excluding, under Article 3716, V.T.C.S., the testimony of appellant, J. B. Covington, of statements made to him by the deceased testator. It is also our further view that even if the

excluded statements had been admitted in evidence they would not have constituted any evidence of probative force that the will in question had been revoked in any manner required by Section 63 of the Probate Code.

Each and all of appellant's points have been carefully considered and are respectfully overruled.

The judgment of the trial court is affirmed.